**FILED & ENTERED**

APR 24 2023

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gooch     DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>DONALD MEINBERG,<br><br>                Debtor. | Case No.: 6:23-bk-11360-WJ<br><br>CHAPTER 13<br><br>**SCHEDULING ORDER** |

1         Commencing in March of 2020, the outbreak of COVID-19, also known as the
2 coronavirus, spread throughout the country and the world.  The federal courts closed that month
3 and, except for a brief period of time in the summer of 2020, remained closed until April of 2021.
4 During this period of time, the courts adapted and, in various ways, employed remote technology.
5         In particular, the court has used video technology to conduct chapter 13 confirmation
6 hearings and status conferences.  It appears this process has enhanced (considerably) the
7 convenience of these matters for the parties and the court.  Therefore, the court intends to continue
8 conducting such matters by video for the foreseeable future.
9         However, for several reasons, video hearings should occur separately from other matters
10 not handled by video.  In other words, the court avoids conducting video hearings at the same time
11 as in-person hearings.  Video hearings should occur on separate days and at separate times.

13         Therefore, the Court hereby ORDERS as follows:

15         1.      The status conference set for May 17, 2023 at 1:30 p.m. is hereby continued to
16 September 18, 2023 at 12:30 p.m.  The confirmation hearing currently scheduled for May 31, 2023
17 at 2:00 p.m. is hereby continued to September 18, 2023 at 12:30 p.m.  Counsel for the debtor shall
18 file and serve a notice of the continuance no later than April 28, 2023.

20         2.      The meeting of creditors is currently scheduled for May 17, 2023.  No later than
21 fourteen days prior to this meeting of creditors (and all future meetings of creditors), the debtor
22 shall comply with LBR 3015-1(m) and file and serve the secured debt payment history declaration
23 required in this case.  This topic is discussed in section III(L) on pages 32-35 of the procedures
24 order in this case which counsel for the debtor should review.

26         3.      If, after conducting the meeting of creditors, the trustee seeks dismissal of the case,
27 the trustee should file and serve a request to dismiss the case by May 19, 2023 either in the form of
28 (a) an objection to confirmation and a request to dismiss the case or (b) a motion to dismiss the

case. If the trustee does so, the deadline for the debtor to respond to any request by the trustee to dismiss the case filed by May 19, 2023 (whether as an objection to confirmation and a request to dismiss the case or a motion to dismiss the case) is May 26, 2023. Thereafter, the Court will review the pleadings and, in most instances, rule on the motion.

4. If the case is not dismissed after the meeting of creditors, then the following procedures apply:

(a) The trustee or any other party may file a motion to dismiss at any time or any other motions and the deadline for the debtor to respond to such motions shall be governed by the local rules.

(b) If the debtor owns the current residence where the debtor lives, the debtor should file (no later than August 28, 2023) a secured debt payment history declaration demonstrating that the debtor has made all monthly post-petition mortgage payments from the petition date through August 2023. If the debtor owns the residence but it is not subject to any mortgage, the declaration can be very short (i.e. a sentence or two) that simply states as much. If the debtor resides at property the debtor does not own, the debtor should file (no later than August 28, 2023) a declaration demonstrating that the debtor has made all monthly post-petition rent payments (with proof attached).[1]

(c) If the trustee supports confirmation then, after the debtor files the required pleading, the chapter 13 trustee should file, no later than September 5, 2023, a pleading stating as much and attach a worksheet with the proposed terms of confirmation. If the chapter 13 trustee does not support confirmation then, no later than September 5, 2023, the trustee should file a motion requesting dismissal which states all grounds for dismissal and includes a declaration in support of the motion. If the debtor has not made all post-petition mortgage or rent payments for all post-petition months, the trustee normally requests dismissal of the case. If, for any reason, the trustee does not do so, the proposed terms of

---

[1] With respect to rent payments, in nearly all instances, post-petition obligations of assumed executory contracts or unexpired leases constitute administrative claims which must be paid in full pursuant to section 1322(a)(2).

confirmation must (a) include provisions to cure all post-petition arrearages (as well as any pre-petition arrearage) and (b) provide for conduit payments for the monthly payments for the rest of the case.

(d)  The deadline for the debtor to respond to the trustee's pleading is September 11, 2023. If the trustee seeks dismissal, the debtor should file an opposition brief to the dismissal motion no later than September 11, 2023. If the trustee recommends confirmation, the debtor should state whether the debtor agrees with the terms of confirmation proposed by the trustee.

(e)  The Court will review the pleadings and may issue a ruling without holding hearings on September 18, 2023 that (a) continues the matter, (b) dismisses the case or (c) grants other relief depending on various factors including, but not limited to, whether or not an agreement exists regarding confirmation, and whether or not the debtor has timely made payments and provided documents to the trustee during the case. If no order is entered prior to September 18, 2023, all parties should check the Court's posted calendar the day before September 18, 2023.

IT IS SO ORDERED.

###

Date: April 24, 2023

Wayne Johnson
United States Bankruptcy Judge