1    **VERUS LAW GROUP, APC**
Holly Walker, Bar No.: 178356
2    Mark N. Strom, Bar No.: 134443
2623 West Manchester Blvd.
3    Inglewood, CA 90305
Telephone: (310) 453-5053
4    Facsimile: (310) 306-7700
e-mail address: holly@veruslawgroup.com

5

6    Attorneys for Secured Creditor
PREMIER CAPITAL, LLC, as Assignee of
7    NC VENTURE I, L.P., a Delaware limited partnership

8

9    **UNITED STATES BANKRUPTCY COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE**

11    In re:                                    ) **CASE NO.: 6:23-bk-11360-WJ**
                                               )
12    DONALD MEINBERG,                         ) **CHAPTER 13**
                                               )
13                                             ) **MOTION TO DISMISS CHAPTER 13**
                  Debtor.                      ) **CASE; MEMORANDUM OF POINTS**
14                                             ) **AND AUTHORITIES; DECLARATION**
                                               ) **OF MARK N. STROM**
15    _____ )

16                                    Date:      **September 6, 2023**
                                      Time:      **2:00 pm**
17                                    Place:     **Courtroom 304**
                                                 **3420 Twelfth St.**
18                                               **Riverside, CA 92501**

19

20            Secured Creditor PREMIER CAPITAL, LLC, as Assignee of NC VENTURE I, L.P., a

21    Delaware limited partnership (hereinafter "PREMIER" or "Secured Creditor") hereby moves

22    this Bankruptcy Court for an Order dismissing the instant Chapter 13 case and imposition of

23    dismissal with prejudice. This Motion is based on the attached Memorandum of Points and

24    Authorities and Declaration of Mark N. Strom and any additional evidence and argument that

25    the Court may permit.

26    ///

27    ///

28    ///

**1.**

**INTRODUCTION**

PREMIER brings this Motion to dismiss the instant Chapter 13 case on the grounds that it was filed in bad faith because it was filed solely to avoid a judgment debt and presents an issue that has already been adjudicated by this Court. In 2002, a default judgment was entered in favor of NC VENTURE I, L.P., and against Debtor herein Donald W. Meinberg ("MEINBERG") in the Los Angeles County Superior Court in the principal amount of $115,368.71. The judgment was assigned to movant PREMIER and has been timely renewed to the present time. In February 2022, PREMIER exercised its judgment lien rights and applied for an order to sell the residence of Debtor MEINBERG to satisfy the judgment. In April 26, 2022, Debtor MEINBERG's spouse, LINDA K, MEINBERG, filed a voluntary petition under Chapter 7 in this Court and subsequently filed a Motion to Avoid Lien with regard to the residence. In November 2022, this Court conducted evidentiary hearings on LINDA K. MEINBERG Motion to Avoid Lien on the residence. At the end of the hearings, this Court made extensive findings of fact and conclusions of law on the record. Based on those findings of act and conclusions of law, this Court entered an order granting in part LINDA K. MEINBERG Motion to Avoid Lien, in part, and ruled that the lien remains attached to the residence property in the amount of $130,058.30. The sole purpose of MEINBERG's instant Chapter 123 case is to attempt to re-litigate the issue of the validity and amount of PREMIER's lien.

**2.**

**STATEMENT OF FACTS**

On or about December 16, 2002, a default judgment was entered in favor of NC VENTURE I, L.P., a Delaware limited partnership and against Debtor herein Donald W. Meinberg ("MEINBERG") in the Los Angeles County Superior Court, Case No.: BC268365 in the principal amount of $115,368.71. *See*, Declaration of Mark N. Strom ("Strom, Decl.") at ¶ 3.

On or about January 3, 2003, the Riverside County Superior Court issued an Abstract of Judgment which NC VENTURE I, L.P., by and through its attorney of record, recorded on

2

1  January 30, 2003, in the Official Records of Riverside County, State of California, known as

2  Instrument No. 2003-071865. *See*, Strom Decl. at ¶ 4.

3      On or about July 7, 2005, an Amended Judgment, correcting the spelling of Debtor

4  MEINBERG's name, was entered in favor of NC VENTURE I, L.P., a Delaware limited

5  partnership and against MEINBERG, in the Los Angeles County Superior Court, Case No.:

6  BC268365 in the principal amount of $115,368.71. (the "Amended Judgment"). The Amended

7  Judgment resulted from a motion filed by NC VENTURE I, L.P. for an order to amend the

8  judgment *nunc pro tunc,* which was granted on March 7, 2005. *See*, Strom at ¶ 5.

9      The Amended Judgment was subsequently assigned by NC VENTURE I, L.P. to

10  PREMIER CAPITAL, LLC ("PREMIER") on or about April 12, 2005. *See*, Strom at ¶ 6.

11      On or about July 25, 2005, the Riverside County Superior Court issued an Amended

12  Abstract of Judgment which PREMIER CAPITAL, LLC, as Assignee of NC VENTURE I, L.P.,

13  by and through its attorney of record, recorded on August 15, 2005 in the Official Records of

14  Riverside County, State of California, known as Instrument No. 2005-0664082 Strom Decl. at ¶

15  7.

16      Under California's judgment lien law, the recordation of an abstract of

17  judgment creates a judgment lien that attaches to all real property situated in the county in

18  which the judgment is recorded and that otherwise is subject to enforcement of the money

19  judgment against the debtor. California *Code of Civil Procedure* §§ 697.310, 697.340.

20      On February 1, 2000, Debtor MEINBERG acquired title to certain real property, along

21  with his wife, LINDA K. MEINBERG as husband and wife as joint tenants, commonly known

22  as 15310 Corsica Ave., Riverside, CA 92506, having Assessor's Parcel No.: 245-120-042 (the

23  "subject Real Property") A Grant Deed was recorded in the Official Records of Riverside

24  County, California on March 22, 2000, as Instrument No. 2000-103352.  See, Strom Decl. ¶ 8.

25      On September 21, 2001, the subject Real Property was deeded back to Debtor

26  MEINBERG  along with his wife LINDA K. MEINBERG as husband and wife as joint tenants

27  from LINDA K. MEINBERG, a married woman as her sole and separate property. A Grant

28  Deed was recorded in the Official Records of Riverside County, California on September 24,

3

1    2001, as Instrument No.: 2001-460666.  *See*, Strom Decl. at ¶ 9.

2        The recordation of PREMIER's Amended Abstract of Judgment on August 15, 2005,

3    created a judgment lien in its favor as to all real property then owned or thereafter acquired by

4    Debtor MEINBERG in Riverside County including, the subject Real Property which related

5    back to the priority of the original Abstract of Judgment recorded on January 30, 2003. (*Code of*

6    *Civil Procedure* § 674(b).)

7        On July 13, 2011 (and prior to the expiration of the Judgment and Amended Judgment),

8    an Application for and Renewal of Judgment was filed with the Los Angeles Superior Court in

9    the principal amount of $209,126.54 by PREMIER, as Assignee, and against Debtor

10    MEINBERG. A certified copy of the Application for and Renewal of Judgment was recorded

11    on August 11, 2011 with the Riverside County Recorder's Office as Instrument No.: 2011-

12    0354114. *See*, Strom Decl. at ¶ 10. The recording of the Renewal Application extended the

13    existing lien priority of the 2003 Abstract of Judgment as amended by the 2005 Abstract of

14    Judgment. *See*, California *Code of Civil Procedure* § 683.180(a) (judgment lien extended for 10

15    years from date of the filing of application if a certified copy of the application for renewal is

16    recorded where the real property subject to the judgment lien is located before the judgment

17    lien expires).

18        In addition, PREMIER served Debtor MEINBERG with a copy of the 2011 Notice of

19    Renewal of Judgment and Application for and Renewal of Judgment and filed a Proof of

20    Service with this Court on August 1, 2011. *See*, Strom Decl. at ¶ 11.

21        On October 21, 2020, an Application for and Renewal of Judgment was filed with the

22    Los Angeles Superior Court in the principal amount of $405,027.40 by PREMIER, as Assignee

23    and against Debtor MEINBERG. A certified copy of the Application for and Renewal of

24    Judgment was recorded on December 30, 2020, with the Riverside County Recorder's Office as

25    Instrument No.: 2020-0666992, which extended the lien priority of the 2003 Abstract of

26    Judgment as amended by the 2005 Amended Abstract of Judgment. *See*, California *Code of Civil*

27    *Procedure* § 683.180(a); Strom Decl. at ¶ 12.

28        In addition, PREMIER served Debtor MEINBERG with a copy of the 2020 Notice of

**MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM**

1   Renewal of Judgment and Application For and Renewal of Judgment and filed a Proof of

2   Service with this Court on November 6, 2020. *See*, Strom Decl. at ¶ 13. To date, no part of

3   PREMIER's judgment lien has been satisfied. *See*, Strom Dec. at ¶ 14.

4   On or about February 24, 2022, PREMIER applied for an order to sell the subject Real

5   Property commonly known as 15310 Corsica Avenue, Riverside, CA 92506, in the County of

6   Riverside, California (APN 245-120-042), in its entirety, *i.e.*, 100% interest, as community

7   property of Debtor MEINBERG in exercise of PREMIER's *in rem* rights to satisfy the Amended

8   Judgment against Debtor MEINBERG, pursuant to *Code of Civil Procedure* § 704.750, *et seq. See*,

9   Strom Dec. at ¶ 15.

10   The subject Real Property is presumed to be the community property of Debtor

11   MEINBERG and his spouse LINDA K. MEINBERG, because it was acquired by MEINBERG

12   along with his spouse as joint tenants, presumably with community funds. (See *In re Brace*

13   (2020) 9 Cal.5th 503.)

14   On or about April 26, 2022, Debtor MEINBERG's spouse, LINDA K, MEINBERG, filed

15   a voluntary petition under Chapter 7, case No. 6:22-bk-11532-WJ. LINDA K. MEINBERG set

16   forth in her Schedule "A/B" that the subject Real Property has a fair market value of

17   $760,000.00 as of March 11, 2022, which is based upon an appraisal of Dianna Dunn. *See*, Strom

18   Decl. at ¶ 16.

19   LINDA K. MEINBERG also set forth in her Schedule "C" a homestead exemption of

20   $580,000.00 under CCP Section 704.730, as representing the median value (of a single family

21   home) in Riverside County in 2021. *See*, Strom Decl. at ¶ 17.

22   LINDA K. MEINBERG filed a Motion to Avoid Lien with regard to the subject Real

23   Property. In opposition to the Motion to Avoid Lien and Objection to Exemption, PREMIER

24   presented evidence that the fair market value of the subject Real Property as of April 26, 2022

25   (the date of LINDA K. MEINBERG's petition) was $875,000.00. PREMIER also presented

26   evidence that the county-wide median sale price of a single family home in Riverside County

27   for 2021, as provided for in CCP Section 704.730, was $560,000.00. *See*, Strom Decl. at ¶ 18.

28   PREMIER argued in its opposition to LINDA K. MEINBERG's Motion to Avoid Lien

5

**MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM**

1    that there was sufficient surplus equity in the subject Real Property such that PREMIER's lien

2    does not entirely impair LINDA K. MEINBERG's allowable homestead exemption, and thus,

3    PREMIER's lien cannot be entirely avoided. PREMIER argued that the admissible evidence

4    showed that the mathematical formula contained in § 522(f)(2)(A) produces the following

5    result:

6            $875,000.00    FMV of Residence per appraisal

7            -$106,055.16    Consensual Lien of US Home Mortgage (per motion)

8            -$ 78,886.54    Consensual Lien of Wells Fargo Home Mortgage (per

9               motion)

10            $690,058.30    Equity After 1sr and 2bd Mortgages.

11            -$560,000.00    Median Sale Price of SFH in Riverside County for 2021

12               (Homestead Exemption Amount)

13            $130,058.30    (surplus equity)

14            $130,058.30    Secured Portion of PREMIER'S judicial lien.

15    *See*, Strom Decl. at ¶ 19.

16          On November 18, 2022 and November 30, 2022, this Court conducted evidentiary

17    hearings on LINDA K. MEINBERG Motion to Avoid Lien on the subject Real Property. At

18    issue was: (1) the FMV of the subject Real Property on the Petition date; and (2) the allowable

19    homestead exemption amount.  At the endo of the hearing on November 30, 2022, this Court

20    made extensive findings of fact and conclusions of law on the record. Based on those findings

21    of act and conclusions of law, this Court entered an order on December 7, 2022 that the value

22    of th subject Real Property was $875,000 as of April 26, 2022. *See*, Strom Decl. at ¶ 20, and

23    Exhibits "A".

24          On December 7. 2022, this Court entered an order granting, in part, LINDA K.

25    MEINBERG Motion to Avoid Lien, as follows: "[t]he abstract of judgment of NC VENTURE I,

26    LP recorded on January 30, 2003 with the county recorder for Riverside County as instrument

27    2003-071865 is void and unenforceable, in part, with respect to the real property located at

28    15310 Corsica Avenue, Riverside, CA 92506 ("Property"). The lien created by the abstract of

6

1  judgment remains attached to the Property in the amount of $130,058.30. However, the lien is

2  avoidable and not longer attaches to the Property with respect to all obligations owed in

3  excess of $130,058.30. Thus, the amount of the lien has been reduced to $130,058.30 (and

4  remains secured by the Property in that amount) and all excess amounts of the lien have been

5  extinguished and can no longer be enforced against the Property." *See*, Strom Decl. at ¶ 21, and

6  Exhibits "B".

7       PREMIER resumed its application to sell dwelling in the state court, informing the state

8  court of the determination of the amount of lien which still attached to the subject Real

9  Property as determined by this Court. MEINBERG filed the instant Chapter 13 case on April 4,

10  2023. PREMIER filed its Proof of Claim on June 13, 2023. *See*, Strom Decl. at ¶ 22.

**2.**

**LEGAL DISCUSSION**

**A.    A Chapter 13 Case May Be Dismissed If Filed In Bad Faith.**

14       A Chapter 13 case concludes in one of three ways: discharge pursuant to § 1328,

15  conversion 5 to a Chapter 7 case pursuant to § 1307(c) or dismissal of a Chapter 13 case "for

16  cause" under § 1307(c). PREMIER moves to dismiss this case. The dismissal of bankruptcy

17  cases with and without prejudice is authorized by § 349(a):

18            "(a) Unless the court, for cause, orders otherwise, the dismissal

19            of a case under this title does not bar the discharge, in a later

20            case under this title, of debts that were dischargeable in the case

21            dismissed; nor does the dismissal of a case under this title prejudice

22            the debtor with regard to the filing of a subsequent petition under

23            this title, except as provided in section 109(g) 6 of this title."

24  (*Leavitt v. Soto* (*In re Leavitt*), 171 F.3d 1219, 1223)

25       The phrase "unless the court, for cause, orders otherwise" in Section 349(a) authorizes

26  the bankruptcy court to dismiss the case with prejudice. See also In re Tomlin, 105 F.3d at 937;

27  3 Collier on Bankruptcy § 369.01, at 349-2-3 (15th ed. 1997). A dismissal with prejudice bars

28  further bankruptcy proceedings [**12] between [*1224] the parties and is a complete

7

1    adjudication of the issues. Tomlin, 105 F.3d at 936-37. (*Id.,* at pp. 1223-1224).

2          "Cause" for dismissal under § 349 has not been specifically defined by the Bankruptcy

3    Code. For Chapter 13 cases, §§ 1307(c)(1) through (10) provide that the bankruptcy court may

4    convert or dismiss, depending on the best interests of the creditors and the estate, for any of

5    ten enumerated circumstances.  Although not specifically listed, bad faith is a "cause" for

6    dismissal under § 1307(c). (*Eisen*, 14 F.3d at 470 ["A Chapter 13 petition filed in bad faith may

7    be dismissed 'for cause' pursuant to 11 U.S.C. § 1307(c)."]; (In re Hopkins, 201 B.R. at 995

8    [holding that the debtors' filing of frivolous tax returns with no intention to pay taxes

9    warranted dismissal of a Chapter 13 petition for bad faith]. Therefore, it follows that a finding

10   of bad faith based on egregious behavior can justify dismissal with prejudice, and bad faith is

11   "cause" for a dismissal of a Chapter 13 case with prejudice under § 349(a) and § 1307(c).

12   (Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224).

13          Bad faith, as cause for the dismissal of a Chapter 13 petition with prejudice, involves

14   the application of the "totality of the circumstances" test. (*Eisen,* 14 F.3d at 470.) The

15   bankruptcy court should consider the following factors:

16                 (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly

17                 manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition

18                 or] plan in an inequitable manner," *Id.* (citing *In re Goeb*, 675 F.2d 1386, 1391 (9th

19                 Cir. 1982));

20                 (2) "the debtor's history of filings and dismissals," *Id.* (citing *In re Nash*, 765 F.2d

21                 1410, 1415 (9th Cir. 1985));

22                 (3) whether "the debtor only intended to defeat state court litigation," *Id.* (citing

23                 *In re Chinichian*, 784 F.2d 1440, 1445-46 (9th Cir. 1986)); and

24                 (4) whether egregious behavior is present, *Tomlin*, 105 F.3d at 937; *In re Bradley*,

25                 38 B.R. 425, 432 (Bankr. C.D. Cal. 1984).

26   A finding of bad faith does not require fraudulent intent by the debtor. (*Leavitt v. Soto (In re*

27   *Leavitt*), 171 F.3d 1219, 1224).

28          **B.**    **The Instant Chapter 13 Case Was Filed In Bad Faith**

**MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM**

1    From the timing of both Debtor MEINBERG's filing of the instant case and his spouse's

2    filing of her Chapter 7 case, which occurred within two months of PREMIER's filing its

3    application to sell dwelling, it is clear that the sole purpose of the instant case is to avoid the

4    judgment debt. In addition the issue of the validity and value of PREMIER'S judgment lien on

5    the Meinberg's property has already been fully adjudicated and is subject to the doctrine of

6    claim/issue preclusion. Moreover, MEINBERG has utterly failed to provide for any payments

7    towards PREMIER's claim in his proposed Plan.

8    The preclusive effect of a judgment is defined by claim preclusion and issue preclusion,

9    which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a

10    final judgment forecloses "successive litigation of the very same claim, whether or not

11    relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532

12    U.S. 742, 748 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact

13    or law actually litigated and resolved in a valid court determination essential to the prior

14    judgment," even if the issue recurs in the context of a different claim. Id., at 748-749, 121. By

15    "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to

16    litigate," these two doctrines protect against "the expense and vexation attending multiple

17    lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing

18    the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-154 (1979).

19    (Taylor v. Sturgell, 553 U.S. 880, 892).

20    Claim preclusion, often referred to as res judicata, bars any subsequent suit on claims

21    that were raised or could have been raised in a prior action. Claim preclusion applies when

22    there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity

23    between the parties. *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212.

24    Courts  examine four factors to determine whether there is an "identity of claims": (1)

25    whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or

26    interests established in the prior judgment would be destroyed or impaired by prosecution of

27    the second action; (3) whether the two suits involve infringement of the same right; and (4)

28    whether substantially the same evidence is presented in the two actions. *ProShipLne Inc. v.*

9

**MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM**

1    *Aspen Infrastructures, Ltd.*, 609 F.3d 960, 968. There is not doubt that this case presents the same

2    claim that was adjudicated in LINDA G. MEINBERG's bankruptcy case.

3         Turning to the second and third prongs of claim preclusion test, that of final judgment

4    and privity, it is clear that this Court has entered final judgment in the bankruptcy case of

5    Debtor MEINBERG's spouse and that, as spouses in common ownership of the subject Real

6    Property, privity exists between MEINBERG and his spouse with respect to his souse's

7    Chapter 7 case. " 'Privity' . . . is a legal conclusion 'designating a person so identified in

8    interest  [*1053]  with a party to former litigation that he represents precisely the same right in

9    respect to the subject matter involved.' " *Schimmels,* 127 F.3d at 881.

10        The sole purpose of the instant case is to relitigate the claim regarding PREMIER'S

11   judgment lien on the subject Real Property. This [resents an improper effort on the part of

12   Debtor MEINBERG to avoid the judgment debt because the claim regarding the lien on the

13   Debtor's property has been fully determined by this Court in the Debtor's spouse's former

14   Chapter 7 case. Thus., this case should be dismissed.

15                                          **3.**

16                                   **CONCLUSION**

17        WHEREFORE, PREMIER respectfully requests that this Court dismiss the instant

18   Chapter 13 case with prejudice, or in the alternative, convert it to a Chapter 7 case.

19                                  Respectfully submitted,

20                                  VERUS LAW GROUP, APC

21   Dated: July 20, 2023          By:_____

22                                     Holly Walker
                                       Mark N. Strom
23                                     Attorneys for Secured Creditor
                                       PREMIER CAPITAL, LLC, as Assignee of
24                                     NC VENTURE I, L.P., a Delaware limited
                                       partnership
25

26

27

28

**MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM**

<u>DECLARATION OF MARK N. STROM</u>

I, Mark N. Strom, declare as follows:

1      I am an attorney licensed to practice before the courts of the State of California and am associated with Verus Law Group, APC, attorneys of record for Secured Creditor PREMIER CAPITAL, LLC, ("PREMIER"). The facts set forth in this Declaration are personally known to me and I have first hand knowledge of the same.  If called as a witness, I could and wold competently testify thereto.

2.     As an attorney for PREMIER, I have custody of PREMIER's litigation file.  The case litigation file is customarily kept by Verus Law Group to litigate the firm's case load. Each lawsuit has its own litigation file, and the firm's staff is under a duty to maintain it in a current and orderly manner, including all documents provided by our clients, including PREMIER.  The case litigation file is maintained by this office in the ordinary course of business and I have first hand knowledge of the contents therein.  All documents received in connection with the firm's litigation matters are put into case litigation files at or near the time of receipt.  Those matters stated herein which are not reliant on the contents of this action's case litigation file are personally known to me and I have first hand knowledge of the same.  If called as a witness herein, I could and would testify competently to the contents of this declaration of my own personal knowledge.

3.     On or about December 16, 2002, a default judgment was entered in favor of Plaintiff NC VENTURE I, L.P., a Delaware limited partnership and against Defendant MEINBERG in the Los Angeles County Superior Court, Case No.: BC268365 in the principal amount of $115,368.71.

4.     On or about January 3, 2003, this the Riverside County Superior Court issued an Abstract of Judgment which NC VENTURE I, L.P., by and through its attorney of record, recorded on January 30, 2003, in the Official Records of Riverside County, State of California, known as Instrument No. 2003-071865.

5.     On or about July 7, 2005, an Amended Judgment, correcting the spelling of Judgment Debtor MEINBERG's name, was entered in favor of Plaintiff NC VENTURE I, L.P., a

1    Delaware limited partnership and against Defendant MEINBERG, in the Los Angeles County

2    Superior Court, Case No.: BC268365 in the principal amount of $115,368.71. (the "Amended

3    Judgment"). The Amended Judgment resulted from a motion filed by Plaintiff NC VENTURE

4    I, L.P. for an order to amend the judgment *nunc pro tunc,* which was granted on March 7, 2005.

5        6.        The Amended Judgment was subsequently assigned by NC VENTURE I, L.P. to

6    PREMIER CAPITAL, LLC ("PREMIER") on or about April 12, 2005.

7        7.        On or about July 25, 2005, the Riverside County Superior Court issued an

8    Amended Abstract of Judgment which PREMIER CAPITAL, LLC, as Assignee of NC

9    VENTURE I, L.P., by and through its attorney of record, recorded on August 15, 2005 in the

10    Official Records of Riverside County, State of California, known as Instrument No. 2005-

11    0664082.

12        8.        On February 1, 2000,, DONALD W. MEINBERG ("MEINBERG" or "Judgment

13    Debtor") acquired title to certain real property along with his wife, Debtor herein, LINDA K.

14    MEINBERG as husband and wife as joint tenants, commonly known as 15310 Corsica Ave.,

15    Riverside, CA 92506, having Assessor's Parcel No.: 245-120-042 (the "subject Real Property") A

16    Grant Deed was recorded in the Official Records of Riverside County, California on March 22,

17    2000, as Instrument No. 2000-103352.

18        9.        On September 21, 2001, the subject Real Property was deeded back to Donald

19    Meinberg along with his wife LINDA K. MEINBERG as husband and wife as joint tenants

20    from LINDA K. MEINBERG, a married woman as her sole and separate property. A Grant

21    Deed was recorded in the Official Records of Riverside County, California on September 24,

22    2001, as Instrument No.: 2001-460666.

23        10.        On July 13, 2011 (and prior to the expiration of the Judgment and Amended

24    Judgment), an Application for and Renewal of Judgment was filed with the Court in the

25    principal amount of $209,126.54 by PREMIER, as Assignee, and against Donald Meinberg. A

26    certified copy of the Application for and Renewal of Judgment was recorded on August 11,

27    2011 with the Riverside County Recorder's Office as Instrument No.: 2011-0354114.

28        11.        In addition, Judgment Creditor PREMIER served Donald Meinberg with a copy

**MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM**

1    of the 2011 Notice of Renewal of Judgment and Application for and Renewal of Judgment and

2    filed a Proof of Service with this Court on August 1, 2011.

3         12.    On October 21, 2020, an Application for and Renewal of Judgment was filed

4    with the Court in the principal amount of $405,027.40 by PREMIER, as Assignee and against

5    Donald Meinberg. A certified copy of the Application for and Renewal of Judgment was

6    recorded on December 30, 2020, with the Riverside County Recorder's Office as Instrument

7    No.: 2020-0666992, which extended the lien priority of the 2003 Abstract of Judgment as

8    amended by the 2005 Amended Abstract of Judgment. *See,* California *Code of Civil Procedure* §

9    683.180(a).

10         13.    In addition, PREMIER served Donald Meinberg with a copy of the 2020 Notice

11    of Renewal of Judgment and Application For and Renewal of Judgment and filed a Proof of

12    Service with this Court on November 6, 2020.

13         14.    To date, no part of PREMIER's judgment lien has been satisfied.

14         15.    On or about February 24, 2022, PREMIER applied for an order to sell the subject

15    Real Property commonly known as 15310 Corsica Avenue, Riverside, CA 92506, in the County

16    of Riverside, California (APN 245-120-042), in its entirety, *i.e.,* 100% interest, as community

17    property of Donald Meinberg in exercise of Plaintiff's *in rem* rights to satisfy the Judgment

18    against Donald Meinberg, pursuant to *Code of Civil Procedure* § 704.750, *et seq.*

19         16.    On or about April 26, 2022, Donald Meinberg's spouse, LINDA K, MEINBERG,

20    the Debtor herein, filed a voluntary petition under Chapter 7. The Debtor sets forth in her

21    Schedule "A/B" that the Residence has a fair market value of $760,000.00 as of March 11, 2022,

22    which is based upon the appraisal of Dianna Dunn.

23         17.    The Debtor also sets forth in her Schedule "C" a homestead exemption of

24    $580,000.00 under CCP Section 704.730,  as representing the median value (of a single family

25    home) in Riverside County in 2021.

26

27         18.    LINDA K. MEINBERG filed a Motion to Avoid Lien with regard to the subject

28    Real Property. In opposition to the Motion to Avoid Lien, PREMIER presented evidence that

13

**MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM**

1   the fair market value of the subject Real Property as of April 26, 2022 (the date of LINDA K.

2   MEINBERG's petition) was $875,000.00. PREMIER also presented evidence that the county-

3   wide median sale price of a single family home in Riverside County for 2021, as provided for

4   in CCP Section 704.730, was $560,000.00.

5        19.    PREMIER argued in its opposition to LINDA K. MEINBERG's Motion to Avoid

6   Lien that there was sufficient surplus equity in the subject Real Property such that PREMIER's

7   lien does not entirely impair LINDA K. MEINBERG's allowable homestead exemption, and

8   thus, PREMIER's lien cannot be entirely avoided. PREMIER argued that the admissible

9   evidence showed that the mathematical formula contained in § 522(f)(2)(A) produces the

10   following result:

| | |
|---|---|
| $875,000.00 | FMV of Residence per appraisal |
| -$106,055.16 | Consensual Lien of US Home Mortgage (per motion) |
| -$ 78,886.54 | Consensual Lien of Wells Fargo Home Mortgage (per motion) |
| $690,058.30 | Equity After 1sr and 2bd Mortgages. |
| -$560,000.00 | Median Sale Price of SFH in Riverside County for 2021 (Homestead Exemption Amount) |
| $130,058.30 | (surplus equity) |
| $130,058.30 | Secured Portion of PREMIER'S judicial lien. |

20       20.    On November 18, 2022 and November 30, 2022, this Court conducted

21   evidentiary hearings on LINDA K. MEINBERG Motion to Avoid Lien on the subject Real

22   Property. At issue was: (1) the value of the subject Real Property on the Petition date; and (2)

23   what is allowable homestead exemption amount.  At the endo of the hearing on November 30,

24   2022, this Court made extensive findings of fact and conclusions of law on the record. Based

25   on those findings of act and conclusions of law, this Court entered an order on December 7,

26   2022 that the value of th subject Real Property was $875,000 as of April 26, 2022. A true and

27   correct copy of this Court's Valuation Order is attached hereto as Exhibits "A", and

28   incorporated by this reference as though fully set forth herein.

**MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM**

21. On December 7. 2-22, this Court entered an order granting in part LINDA K. MEINBERG Motion to Avoid Lien, as follows: "[t]he abstract of judgment of NC VENTURE I, LP recorded on January 30, 2003 with the county recorder for Riverside County as instrument 2003-071865 is void and unenforceable, in part, with respect to the real property located at 15310 Corsica Avenue, Riverside, CA 92506 ("Property"). The lien created by the abstract of judgment remains attached to the Property in the amount of $130,058.30. However, the lien is avoidable and not longer attaches to the Property with respect to all obligations owed in excess of $130,058.30. Thus, the amount of the lien has been reduced to $130,058.30 (and remains secured by the Property in that amount) and all excess amounts of the lien have been extinguished and can no longer be enforced against the Property." A true and correct copy of this Court's Order Granting Debtor's Motion to Avoid Lein Under 11 U.S.C. § 522(f) (Real Property) is attached hereto as Exhibits "B", and incorporated by this reference as though fully set forth herein.

22 PREMIER resumed its application to sell dwelling in the state court, informing the state court of the determination of the amount of lien which still attached to the subject Real Property as determined by this Court. MEINBERG filed the instant Chapter 13 case on April 4, 2023. PREMIER filed its Proof of Claim on June 13, 2023.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 20th day of July 2023, at Inglewood, California.

_____

Mark N. Strom

**MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK N. STROM**

# EXHIBIT "A"

**FILED & ENTERED**

DEC 07 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:22-bk-11532-WJ |
| LINDA K. MEINBERG, | CHAPTER 7 |
| Debtor. | **VALUATION ORDER** |
| | Hearing:<br>Date:   November 30, 2022<br>Time:  10:00 a.m.<br>Ctrm.: 304 |

1    On May 20, 2022, the debtor, Linda Meinberg, filed a motion to avoid a judgment lien of

2    Premier Capital LLC and NC Venture I, LP pursuant to 11 U.S.C. § 522(f) [docket #7].  The

3    Court held a preliminary hearing regarding the motion on July 26, 2022 and then conducted

4    evidentiary hearings on November 18, 2022 and November 30, 2022.  At the end of the hearing

5    on November 30th, the Court made extensive findings of fact and conclusions of law on the

6    record.

7    For the reasons stated on the record, the Court hereby ORDERS:

8    1.    The Court finds and determines that the value of the real property located at

9    15310 Corsica Avenue, Riverside, CA 92506 was $875,000 as of April 26, 2022.

10    IT IS SO ORDERED.

11    ###

Date: December 7, 2022

Wayne Johnson
United States Bankruptcy Judge

# EXHIBIT "B"

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| Nexus_Bankruptcy<br>Benjamin Heston (297798)<br>100 Bayview Circle #100<br>Newport Beach, CA 92660<br>Tel: 951.290.2827<br>Fax: 949.288.2054<br>ben@nexusbk.com | FILED & ENTERED<br><br>DEC 07 2022<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY gooch    DEPUTY CLERK |

☐ *Debtor appearing without attorney*
☒ *Attorney for: Debtor*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| In re:<br><br>LINDA K. MEINBERG,<br><br>                                        Debtor(s). | CASE NUMBER: 6:22-bk-11532-WJ<br>CHAPTER: 7 |
|---|---|
| | **ORDER GRANTING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C.§ 522(f) (REAL PROPERTY)** |
| | Hearing:<br>Date:  November 30, 2022<br>Time:  10:00 a.m.<br>Crtrm.: 304 |

Creditor Holding Lien to be Avoided: NC Venture I, LP

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 1                    **F 4003-2.1.AVOID.LIEN.RP.ORDER**

On May 20, 2022, the debtor, Linda Meinberg, filed a motion to avoid a judgment lien of Premier Capital LLC and NC Venture I, LP pursuant to 11 U.S.C. § 522(f) [docket #7].  The Court held a preliminary hearing regarding the motion on July 26, 2022 and then conducted evidentiary hearings on November 18, 2022 and November 30, 2022.  At the end of the hearing on November 30th, the Court made extensive findings of fact and conclusions of law on the record.  Based on those findings and conclusions, the Court entered an order earlier today finding that the value of the real property located at 15310 Corsica Avenue, Riverside, CA 92506 was $875,000 as of April 26, 2022. See Docket #26.

As a result, the motion is granted in part as follows. The abstract of judgment of NC Venture I, LP recorded on January 30, 2003 with the county recorder for Riverside County as instrument 2003-071865 is void and unenforceable, in part, with respect to the real property located at 15310 Corsica Avenue, Riverside, CA 92506 ("Property").  The lien created by the abstract of judgment remains attached to the Property in the amount of $130,058.30.  However, the lien is avoided and no longer attaches to the Property with respect to all obligations owed in excess of $130,058.30.  Thus, the amount of the lien has been reduced to $130,058.30 (and remains secured by the Property in that amount) and all excess amounts of the lien have been extinguished and can no longer be enforced against the Property.

This order does not invalidate or prevent the enforcement of the abstract of judgment or any lien arising from it against any other property other than the Property.

IT IS SO ORDERED.

Date: December 7, 2022

Wayne Johnson
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                                    Page 2                        F 4003-2.1.AVOID.LIEN.RP.ORDER