**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
Tel: 949-312-1377
Fax: 949-288-2054
ben@nexusbk.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| In re: | Case No.: 6:23-bk-11360-WJ |
|---|---|
| DONALD MEINBERG, | Chapter 13 |
| Debtor. | **OPPOSITION TO MOTION TO DISMISS** |
| | Hearing:<br>Date: September 6, 2023<br>Time: 2:00 pm<br>Courtroom: 304 |

Debtor, Donald Meinberg, hereby opposes the motion of Premier Capital LLC to dismiss this case for abuse as follows:

## ARGUMENT

Movant's Motion relies on the doctrine of collateral estoppel, contending that the avoidability of the lien has been conclusively resolved. However, this contention is unfounded in light of the substantial disparities between the two cases, rendering the principle of collateral estoppel inapplicable.

Collateral estoppel is a legal doctrine that bars relitigation of an issue that has already been decided between the same parties in a prior lawsuit. For collateral estoppel to apply, the following elements must be met: (1) the facts sought to be precluded must be the same as that involved in the prior action; (2) the facts must have been actually

litigated in the prior action; (3) the facts must have been determined by a valid, final judgment; and (4) the determination must have been essential to the prior judgment.

Again, collateral estoppel only applies when the facts are identical. The Supreme Court stated this rather succinctly in Montana v. United States, 440 U.S. 147 (1979):

> **It is, of course, true that changes in facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issues.**

Id at 159. See also Eureka Fed. S L v. Amer. Cas. Co. of Reading, 873 F.2d 229, 233 (9th Cir. 1989) ("discrepancies in amounts at issue between two actions may make application of collateral estoppel inappropriate.").

Premier Capital's motion completely ignores the fact that every single factor that is relevant to a lien avoidance proceeding has changed. These factors are: fair market value, balance of senior liens, and the amount of the exemption – all of which are determined on the petition date. Here, those differences are as follows:

|  | **LINDA MEINBERG** | **DONALD MEINBERG** |
|---|---|---|
| **Petition Date** | April 26, 2022 | April 4, 2023 |
| **Fair Market Value** | $875,000 | $835,000[1] |
| **Mortgage Balance** | $184,941 | $173,847 |
| **Exemption** | $560,000 | $615,000 |
| **Remaining Lien** | $130,058 | $46,153 |

---

[1] Debtor has obtained an appraisal which showed a value of $900,000. However, this appraisal did not take into consideration the termite and sinkhole damage to the Property which currently renders it unmarketable. Based on Debtor's personal knowledge of industry practices, these repairs would cost approximately $65,000 to remedy. He is currently in the process of obtaining estimates.

**CONCLUSION**

Collateral estoppel requires that facts that were decided in the prior case are identical to those facts in the later case. This prerequisite has not been due to the material differences in the homestead exemption, valuation, and mortgage balance. Therefore, the Debtor respectfully requests that the motion to dismiss be denied.

NEXUS BANKRUPTCY

Date: August 23, 2023

BENJAMIN HESTON,
Attorney for Debtor