**VERUS LAW GROUP, APC**
Holly Walker, Bar No.: 178356
Mark N. Strom, Bar No.: 134443
2623 West Manchester Blvd.
Inglewood, CA 90305
Telephone: (310) 453-5053
Facsimile: (310) 306-7700
e-mail address: holly@veruslawgroup.com

Attorneys for Secured Creditor
PREMIER CAPITAL, LLC, as Assignee of
NC VENTURE I, L.P., a Delaware limited partnership

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| | |
|---|---|
| In re: | CASE NO.: 6:23-bk-11360-WJ |
| DONALD MEINBERG, | CHAPTER 13 |
| Debtor. | REPLY TO OPPOSITION TO MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES |
| | Date: September 6, 2023<br>Time: 2:00 pm<br>Place: Courtroom 304<br>3420 Twelfth St.<br>Riverside, CA 92501 |

Secured Creditor PREMIER CAPITAL, LLC, as Assignee of NC VENTURE I, L.P., a Delaware limited partnership (hereinafter "PREMIER" or "Secured Creditor") hereby submits this Reply in to Debtor's Opposition to PREMIER's Motion for an Order dismissing the instant Chapter 13 case and imposition of dismissal with prejudice.

///

///

///

---

1

**REPLY TO OPPOSTION TO MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES**

1.

## LEGAL DISCUSSION

### A. The Doctrine of Res Judicata Bars Relitigating Debtor's Cause of Action.

Debtor DONALD MEINBERG ("Debtor") argues that although collateral estoppel applies generally to bankruptcy cases, the doctrine should not prevent him from litigating a lien avoidance action under 11U.S.C. § 522(f)(1) in the instant Chapter13 proceeding notwithstanding the prior resolution of that cause of action in the Chapter 7 proceedings filed by his spouse LINDA MEINBERG.

The Debtor does not argue that PREMIER's secured judgment lien, as determined by Court order in LINDA MEINBERG's Chapter 7 proceeding, is invalid. He contends only that because financial circumstances have allegedly changed after the discharge in his spouse's Chapter7 proceedings, he should have the opportunity to relitigate the same lien avoidance action in the instant Chapter 13 proceeding.

Debtor opposes the motion by arguing that changes in the facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issues. However, PREMEIR moves for dismissal on the grounds of res judicata, not merely collateral estoppel. As explained below, federal courts and bankruptcy courts have made it clear that an order granting a motion to avoid judicial lien is a final order on a cause of action, which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Premier Capital, Inc. v. Pagnini (In re Pagnini)*, 433 B.R. 455, 458 (B.A.P. 1st Cir. 2010).

Under the doctrine of "res judicata, a final judgment on the merits bars the parties to a prior action from relitigating a cause of action that was or could have been raised in that action." *Smith v. Atlantic Southern Bank (In re Smith)*, 522 Fed. Appx. 760 (11th Cir. 2013). Under federal law, *res judicata* applies when the earlier action "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)).

Other court have explained the doctrine of claim preclusion as requiring that there be:

2

REPLY TO OPPOSTION TO MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES

1  (1) parties either identical or in privity; (2) a judgment rendered by a court of competent
2  jurisdiction; (3) a prior action concluded to final judgment on merits; and (4) the same claim or
3  cause of action involved in both actions. *Rein v. Providian Fin. Corp.*, 252 F.3d 1095, 1098 (9th
4  Cir. 2001); *Owens v. Kaiser Found. Health Plan*, 244 F.3d 708, 713 (9th Cir. 2001).

5  It is undisputed that the foregoing elements apply to the instant case. Specifically, the
6  cause of action in both LINDA MEINBERG's Chapter 7 case and the instant case brought by
7  her spouse is the avoidance of PREMIER's judgment lien pursuant to an 11 U.S.C. § 522 (f)(1)
8  exemption. It is not disputed that the party to LINDA MEINBERG's Motion to Avoid Lien,
9  and the party to the Motion to be brought by the Debtor in the instant case, are in privity.
10 Further, it is not disputed that this Court had jurisdiction to enter the Order Avoiding Lien in
11 LINDA MEINBERG's Chapter 7 case.

12 Turning to the element of there being a final judgment on the merits, the Order
13 Avoiding Lien in LINDA MEINBERG's Chapter 7 case was a final judgment on the merits. In
14 the case of *In re Phillips*, 553 B.R. 536 (Bankr. E.D.N.C. 2016), the bankruptcy court determined
15 that the conversion of a Chapter 13 case to one under Chapter 7 did not affect the validity of an
16 order avoiding lien entered during the Chapter 13 case.

17 The bankruptcy court explained that an order avoiding a lien pursuant to 11 U.S.C. §
18 522(f) is an enforceable final order. (*Id.*, at p. 548.)  Accordingly, the subsequent Chapter 7
19 avoidance motion was barred by the doctrine of res judicata. (See also *Ramos v. Negron (In re
20 Ramos)*, 498 B.R. 401 (B.A.P. 1st Cir. 2013) [finding that an order denying a Chapter 7 debtor's
21 motion to avoid judgment lien on exemption impairment grounds was a final appealable
22 order]; *Premier Capital, Inc. v. Pagnini (In re Pagnini)*, 433 B.R. 455, 458 (B.A.P. 1st Cir.
23 2010)[explaining that an order granting a motion to avoid judicial lien is a final order which
24 ends the litigation on the merits and leaves nothing for the court to do but execute the
25 judgment] (in accord, *Paine v. Griffin (In re Paine)*, 283 B.R. 33, 39 9th Cir. BAP, 2002).

26 For the same reasons as stated above, the fact that LINDA MEINBERG'S case was a
27 Chapter 7 and this case is a Chapter 13 does not change the outcome. In LINDA MEINBERG's
28 Chapter 7 proceedings this Bankruptcy Court, by Order dated December 7, 2022, determined

that PREMIER retained a secured judgment lien in the amount of $130,058.30. The order in LINDA MEINBERG's Chapter 7 Bankruptcy case represents a judgment on the cause of action or claim of lien avoidance. Thus, the issue of PREMEIR's judgment lien against MEINBERG decided by Order of this Court was a final judgment on the merits.

The parties involved in resolving PREMER's judgment lien (Donald Meinberg, Linda Meinberg and PREMEIR ) have had a full and fair opportunity to litigate the cause of action or claim of lien avoidance. Again, an order granting a motion to avoid judicial lien is a final order which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Premier Capital, Inc. v. Pagnini* (*In re Pagnini*), *supra,* 433 B.R. at p. 458.

### 3.
### **CONCLUSION**

WHEREFORE, PREMIER respectfully requests that this Court dismiss the instant Chapter 13 case with prejudice, or in the alternative, convert it to a Chapter 7 case.

Respectfully submitted,

VERUS LAW GROUP, APC

Dated: August 30, 2023    By: _____
Holly Walker
Mark N. Strom
Attorneys for Secured Creditor
PREMIER CAPITAL, LLC, as Assignee of
NC VENTURE I, L.P.

---

4

**REPLY TO OPPOSITION TO MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES**

Case 6:23-bk-11360-WJ    Doc 38    Filed 08/30/23    Entered 08/30/23 16:05:41    Desc
Main Document    Page 5 of 5

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2623 W. Manchester Blvd., Inglewood, CA 90305

A true and correct copy of the foregoing document entitled (*specify*): Reply to Opposition to Motion to Dismiss Chapter 13 Case; Memorandum of Points and Authorities; Objections to Evidence Proffered in Opposition to Motion to Dismiss Chapter 13 Case
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/30/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Benjamin R. Heston docs@hestonlaw.com, HestonBR41032@notify.bestcase.com; nadhecf@gmail.com
United States Trustee ustpregion16.rs.ecf@usdoj.gov
Rod Danielson (TR) notice-efile@rodan13.com United States Trustee (RS)

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 08/30/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Donald Meinberg, 15310 Corsica Avenue, Riverside, CA 92506

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 08/30/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
The Honorable Wayne E. Johnson, 3420 Twelfth St., Suite 384/Courtroom 304, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/30/2023 | Natalie Garcia | /s/ Natalie Garcia |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    F 9013-3.1.PROOF.SERVICE