**VERUS LAW GROUP, APC**
Holly Walker, Bar No.: 178356
Mark N. Strom, Bar No.: 134443
2623 West Manchester Blvd.
Inglewood, CA 90305
Telephone: (310) 453-5053
Facsimile: (310) 306-7700
e-mail address: holly@veruslawgroup.com

Attorneys for Secured Creditor
PREMIER CAPITAL, LLC, as Assignee of
NC VENTURE I, L.P., a Delaware limited partnership

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| | |
|---|---|
| In re: | CASE NO.: 6:23-bk-11360-WJ |
| DONALD MEINBERG, | CHAPTER 13 |
| Debtor. | OBJECTION TO CONFIRMATION AND REQUEST FOR DISMISSAL |
| | **Confirmation Hearing:**<br>Date:  September 18, 2023<br>Time:  12:30 p.m.<br>Place:  Courtroom 304) |

    Secured Creditor PREMIER CAPITAL, LLC, as Assignee of NC VENTURE I, L.P., a Delaware limited partnership (hereinafter "PREMIER" or "Secured Creditor") the holder of an outstanding money judgment secured against the residence of judgment debtor DONALD MEINBERG ("MEINBERG" or the "Debtor"), hereby objects to confirmation of the Chapter 13 plan proposed by the Debtor, and states as follows:

### 1.

### BACKGROUND OF CASE

    On or about December 16, 2002, a default judgment was entered in favor of NC VENTURE I, L.P., a Delaware limited partnership and against Debtor herein Donald W. Meinberg ("MEINBERG") in the Los Angeles County Superior Court, Case No.: BC268365 in

1

---

MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM

the principal amount of $115,368.71. *See*, Declaration of Mark N. Strom ("Strom, Decl.") at ¶ 3.

On or about January 3, 2003, the Riverside County Superior Court issued an Abstract of Judgment which NC VENTURE I, L.P., by and through its attorney of record, recorded on January 30, 2003, in the Official Records of Riverside County, State of California, known as Instrument No. 2003-071865. *See*, Strom Decl. at ¶ 4.

On or about July 7, 2005, an Amended Judgment, correcting the spelling of Debtor MEINBERG's name, was entered in favor of NC VENTURE I, L.P., a Delaware limited partnership and against MEINBERG, in the Los Angeles County Superior Court, Case No.: BC268365 in the principal amount of $115,368.71. (the "Amended Judgment"). The Amended Judgment resulted from a motion filed by NC VENTURE I, L.P. for an order to amend the judgment *nunc pro tunc,* which was granted on March 7, 2005. *See*, Strom at ¶ 5.

The Amended Judgment was subsequently assigned by NC VENTURE I, L.P. to PREMIER CAPITAL, LLC ("PREMIER") on or about April 12, 2005. *See*, Strom at ¶ 6.

On or about July 25, 2005, the Riverside County Superior Court issued an Amended Abstract of Judgment which PREMIER CAPITAL, LLC, as Assignee of NC VENTURE I, L.P., by and through its attorney of record, recorded on August 15, 2005 in the Official Records of Riverside County, State of California, known as Instrument No. 2005-0664082 Strom Decl. at ¶ 7.

Under California's judgment lien law, the recordation of an abstract of judgment creates a judgment lien that attaches to all real property situated in the county in which the judgment is recorded and that otherwise is subject to enforcement of the money judgment against the debtor. California *Code of Civil Procedure* §§ 697.310, 697.340.

On February 1, 2000, Debtor MEINBERG acquired title to certain real property, along with his wife, LINDA K. MEINBERG as husband and wife as joint tenants, commonly known as 15310 Corsica Ave., Riverside, CA 92506, having Assessor's Parcel No.: 245-120-042 (the "subject Real Property") A Grant Deed was recorded in the Official Records of Riverside County, California on March 22, 2000, as Instrument No. 2000-103352. *See*, Strom Decl. ¶ 8.

2

MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM

On September 21, 2001, the subject Real Property was deeded back to Debtor MEINBERG along with his wife LINDA K. MEINBERG as husband and wife as joint tenants from LINDA K. MEINBERG, a married woman as her sole and separate property. A Grant Deed was recorded in the Official Records of Riverside County, California on September 24, 2001, as Instrument No.: 2001-460666. *See*, Strom Decl. at ¶ 9.

The recordation of PREMIER's Amended Abstract of Judgment on August 15, 2005, created a judgment lien in its favor as to all real property then owned or thereafter acquired by Debtor MEINBERG in Riverside County including, the subject Real Property which related back to the priority of the original Abstract of Judgment recorded on January 30, 2003. (*Code of Civil Procedure* § 674(b).)

On July 13, 2011 (and prior to the expiration of the Judgment and Amended Judgment), an Application for and Renewal of Judgment was filed with the Los Angeles Superior Court in the principal amount of $209,126.54 by PREMIER, as Assignee, and against Debtor MEINBERG. A certified copy of the Application for and Renewal of Judgment was recorded on August 11, 2011 with the Riverside County Recorder's Office as Instrument No.: 2011-0354114. *See*, Strom Decl. at ¶ 10. The recording of the Renewal Application extended the existing lien priority of the 2003 Abstract of Judgment as amended by the 2005 Abstract of Judgment. *See*, California *Code of Civil Procedure* § 683.180(a) (judgment lien extended for 10 years from date of the filing of application if a certified copy of the application for renewal is recorded where the real property subject to the judgment lien is located before the judgment lien expires).

In addition, PREMIER served Debtor MEINBERG with a copy of the 2011 Notice of Renewal of Judgment and Application for and Renewal of Judgment and filed a Proof of Service with this Court on August 1, 2011. *See*, Strom Decl. at ¶ 11.

On October 21, 2020, an Application for and Renewal of Judgment was filed with the Los Angeles Superior Court in the principal amount of $405,027.40 by PREMIER, as Assignee and against Debtor MEINBERG. A certified copy of the Application for and Renewal of

3

MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM

Judgment was recorded on December 30, 2020, with the Riverside County Recorder's Office as Instrument No.: 2020-0666992, which extended the lien priority of the 2003 Abstract of Judgment as amended by the 2005 Amended Abstract of Judgment. *See,* California *Code of Civil Procedure* § 683.180(a); Strom Decl. at ¶ 12.

In addition, PREMIER served Debtor MEINBERG with a copy of the 2020 Notice of Renewal of Judgment and Application For and Renewal of Judgment and filed a Proof of Service with this Court on November 6, 2020. *See,* Strom Decl. at ¶ 13. To date, no part of PREMIER's judgment lien has been satisfied. *See,* Strom Dec. at ¶ 14.

On or about February 24, 2022, PREMIER applied for an order to sell the subject Real Property commonly known as 15310 Corsica Avenue, Riverside, CA 92506, in the County of Riverside, California (APN 245-120-042), in its entirety, *i.e.,* 100% interest, as community property of Debtor MEINBERG in exercise of PREMIER's *in rem* rights to satisfy the Amended Judgment against Debtor MEINBERG, pursuant to *Code of Civil Procedure* § 704.750, *et seq. See,* Strom Dec. at ¶ 15.

The subject Real Property is presumed to be the community property of Debtor MEINBERG and his spouse LINDA K. MEINBERG, because it was acquired by MEINBERG along with his spouse as joint tenants, presumably with community funds. (See *In re Brace* (2020) 9 Cal.5th 503.)

On or about April 26, 2022, Debtor MEINBERG's spouse, LINDA K, MEINBERG, filed a voluntary petition under Chapter 7, case No. 6:22-bk-11532-WJ. LINDA K. MEINBERG set forth in her Schedule "A/B" that the subject Real Property has a fair market value of $760,000.00 as of March 11, 2022, which is based upon an appraisal of Dianna Dunn. *See,* Strom Decl. at ¶ 16.

LINDA K. MEINBERG also set forth in her Schedule "C" a homestead exemption of $580,000.00 under CCP Section 704.730, as representing the median value (of a single family home) in Riverside County in 2021. *See,* Strom Decl. at ¶ 17.

LINDA K. MEINBERG filed a Motion to Avoid Lien with regard to the subject Real

4

MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM

Property. In opposition to the Motion to Avoid Lien and Objection to Exemption, PREMIER presented evidence that the fair market value of the subject Real Property as of April 26, 2022 (the date of LINDA K. MEINBERG's petition) was $875,000.00. PREMIER also presented evidence that the county-wide median sale price of a single family home in Riverside County for 2021, as provided for in CCP Section 704.730, was $560,000.00. *See*, Strom Decl. at ¶ 18.

PREMIER argued in its opposition to LINDA K. MEINBERG's Motion to Avoid Lien that there was sufficient surplus equity in the subject Real Property such that PREMIER's lien does not entirely impair LINDA K. MEINBERG's allowable homestead exemption, and thus, PREMIER's lien cannot be entirely avoided. PREMIER argued that the admissible evidence showed that the mathematical formula contained in § 522(f)(2)(A) produces the following result:

| | |
|---|---|
| $875,000.00 | FMV of Residence per appraisal |
| -$106,055.16 | Consensual Lien of US Home Mortgage (per motion) |
| -$ 78,886.54 | Consensual Lien of Wells Fargo Home Mortgage (per motion) |
| $690,058.30 | Equity After 1sr and 2bd Mortgages. |
| -$560,000.00 | Median Sale Price of SFH in Riverside County for 2021 (Homestead Exemption Amount) |
| $130,058.30 | (surplus equity) |
| $130,058.30 | Secured Portion of PREMIER'S judicial lien. |

*See*, Strom Decl. at ¶ 19.

On November 18, 2022 and November 30, 2022, this Court conducted evidentiary hearings on LINDA K. MEINBERG Motion to Avoid Lien on the subject Real Property. At issue was: (1) the FMV of the subject Real Property on the Petition date; and (2) the allowable homestead exemption amount. At the endo of the hearing on November 30, 2022, this Court made extensive findings of fact and conclusions of law on the record. Based on those findings of act and conclusions of law, this Court entered an order on December 7, 2022 that the value

5

MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MARK N. STROM

of th subject Real Property was $875,000 as of April 26, 2022. *See*, Strom Decl. at ¶ 20, and Exhibits "A".

On December 7. 2022, this Court entered an order granting, in part, LINDA K. MEINBERG Motion to Avoid Lien, as follows: "[t]he abstract of judgment of NC VENTURE I, LP recorded on January 30, 2003 with the county recorder for Riverside County as instrument 2003-071865 is void and unenforceable, in part, with respect to the real property located at 15310 Corsica Avenue, Riverside, CA 92506 ("Property"). The lien created by the abstract of judgment remains attached to the Property in the amount of $130,058.30. However, the lien is avoidable and not longer attaches to the Property with respect to all obligations owed in excess of $130,058.30. Thus, the amount of the lien has been reduced to $130,058.30 (and remains secured by the Property in that amount) and all excess amounts of the lien have been extinguished and can no longer be enforced against the Property." *See*, Strom Decl. at ¶ 21, and Exhibits "B".

PREMIER resumed its application to sell dwelling in the state court, informing the state court of the determination of the amount of lien which still attached to the subject Real Property as determined by this Court. MEINBERG filed the instant Chapter 13 case on April 4, 2023. MEINBERG's proposed Plan does not provide for any payments towards PREMIER's lien, which has already been adjudicated as partially nonavoidable. PREMIER filed its Proof of Claim on June 13, 2023. *See*, Strom Decl. at ¶ 22.

The Debtor incorrectly scheduled PREMIER'S Secured Claim as an unsecured debt. *See*, Schedule E/F.

The Debtor's plan does not provide for PREMIER'S Secured Claim in Class 1, Class 2, Class 3 or Class , or Class 7. Instead, Debtor's plan appears to provide for PREMIER's Secured Claim in "Non-Standard Plan Provisions" with a proposed distribution of 0%. *See*, Chapter 13 Plan at page 12.

///

///

6

**MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK N. STROM**

2.

## LEGAL ANALYSIS

A. **PREMIER Objects To Confirmation Of The Debtor's Chapter 13 Plan On The Following Basis:**

    1.    **The Plan's Proposed Treatment of PREMIER's Secured Claim Violates 11 U.S.C. Section 1332(b)(2)**

The plan set forth by the Debtor does not provide for PREMIER's Secured Claim. A Chapter 13 plan must provide for the payment of secured claims in an amount equal to the claim. 11 U.S.C. Section 1325(a). Here however, the Debtor does not provide for PREMIER's Secured Claim at all. Instead, the Debtor's plan mis-classifies PREMIER's Secured Claim as an unsecured claim with a proposed distribution of 0%. Because the Debtor's plan does not appropriately provide for PREMIER's allowed Secured Claim, the Court must deny confirmation.

A Chapter 13 Plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . .". 11 U.S.C. Section 1322(b)(2). By proposing a plan that attempts to pay out 0% of PREMIER's Secured Claim as an unsecured claim, the Debtor's plan attempts to modify the rights of a holder of a secured claim secured by the Debtor's principal residence.

    2.    **The Plan Does Not Satisfy U.S.C. §1325 And Therefore, Cannot Be Confirmed.**

Section 1325(a) of the Bankruptcy Code provides for confirmation of the plan if all of the following conditions are met:

"(1) the plan complies with the provision of this chapter and with other applicable provisions of this title;

(2) any fee, charge or amount required under chapter 123 of Title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to

7

be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this Title on such date;

(5) with respect to each allowed secured claim provided for by the plan-

(A) the holder of such claim has accepted the plan ...

(6) the debtor will be able to make all payments under the plan and to comply with the plan."

The fourth criterion has often been called the "best interests of the creditors test." *See*, *In re Burrell* (D.C.N.D. Cal. 1982) 25 B.R. 717, 719. This criterion sets forth the sole minimum quantitative repayment requirement for Chapter 13 plans. *Id.* at p. 721. That is, creditors must be paid at least as much as they would receive if the debtor's estate had been liquidated under Chapter 7. The debtor urging confirmation of the plan bears the burden of proving that the plan serves the best interests of the creditors. *Barnes v. Barnes (In Re Barnes)* (9th Cir. 1994) 32 F.3d 405, 407.

In ascertaining good faith, a court must look at the totality of the circumstances to determine whether the plan constitutes an abuse of the provisions, purpose or spirit of the Chapter 13. *In re Huerta* (1992) 137 B.R. 356, 366. "Several factors may be considered under the totality of circumstances, including (1) the amount of the proposed payments and the amount of the debtor's surplus; (2) the debtor's employment history, ability to earn and likelihood of future increases in income; (3) the probable or expected duration of the plan; (4) the accuracy of the plan's statements of the debts, expenses and percentage of repayment of unsecured debt and whether any inaccuracies are attempts to mislead the court . . ." *Id.*, at 366-67.

A key consideration in a Chapter 13 plan confirmation is whether the plan is proposed in good faith. *In re Fawcett* (11 Cir. 1985) 758 F.2d 588. This Court may raise, *sua sponte*, the issue of whether or not the instant case was filed in bad faith. *In re Warren* (9th Cir. BAP 1988)

8

89 B.R. 87 (superceded by statute - *In re Lavilla* (Bankr. Cal.Ed. 2010) 425 B.R. 472, 582. The Ninth Circuit has set forth specific factors as guidelines for determining good faith on a case by case basis including the accuracy of the schedules, whether Chapter 13 was merely filed to avert a state court proceeding, the number of creditors and motivation and sincerity of the debtor in seeking relief under Chapter 13. *In re Porter* (9th Cir. BAP 1989) 102 B.R. 773.

Debtor MEINBERG's plan does not meet the mandatory requirements of section 1325. This Court has determined that PREMIER'S claim is secured in the amount of 130,058.30. MEINBERG's plan provides for no payments toard PREMIER's claim. Therefore, the plan cannot be confirmed.

### 3. The Debtor's Plan Was Filed In Bad Faith.

In addition to the foregoing reasons, PREMIER also objects to confirmation on the grounds that the Debtor proposed his Plan in bad faith. Section 1325(a)(3) provides that in order to confirm a Chapter 13 plan, the court must find that "the plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3). *In re Cavanagh* (9th Cir. BAP 2000) 250 B.R. 107, 113. A determination of bad faith requires an analysis of the "totality of the circumstances." *Ho v. Dowell (In re Ho)* (9th Cir. BAP 2002) 274 B.R. 867, 876 (*quoting Goeb v. Heid (In re Goeb)* (9th Cir. 1982) 675 F.2d 1386, 1391).

In *Leavitt v. Soto (In re Leavitt)* (9th Cir.1999) 171 F.3d 1219, 1224, the Ninth Circuit held that in determining whether a Chapter 13 plan was proposed in good faith, a bankruptcy court should consider (1) whether the debtor misrepresented facts in his plan or unfairly manipulated the Code, (2) the debtor's history of filings and dismissals, (3) whether the debtor intended to defeat state court litigation, and (4) whether egregious behavior is present. *See Cavanagh*, 250 B.R. at 114.

In addition to being grounds for denial of confirmation, bad faith is "cause" for a dismissal of a Chapter 13 case with prejudice under § 349(a) and § 1307(c), even though not specifically listed. *Leavitt, supra* 171 F.3d at 1224; *In re Eisen* (9th Cir. 1994) 14 F.3d 469, 470 ("A Chapter 13 petition filed in bad faith may be dismissed 'for cause' pursuant to 11

U.S.C. § 1307(c).") Neither malice nor actual fraud is required to find a lack of good faith. The bankruptcy judge is not required to have evidence of debtor ill will directed at creditors, or that debtor was affirmatively attempting to violate the law-malfeasance is not a prerequisite to bad faith. *In re Powers* (Bankr.C.D.Cal.1991) 135 B.R. 980, 994(relying on *In re Waldron* (11th Cir.1986) 785 F.2d 936, 941).

The first *Leavitt* factor, whether the debtor misrepresented facts in his plan or unfairly manipulated the Code, is present here. The Debtor has intentionally mis-classified PREMIER's Secured Claim as unsecured and is attempting to modify the value of PREMIER's already adjudicated Secured Claim through the Chapter 13 Plan. In addition, the Debtor's net monthly income is unrealistically low compared with the monthly payment required to satisfy PREMEIR's Secured Claim during the life of the plan.

The third factor is whether the Debtor intended to defeat state court litigation. This factor is also present. The Debtor filed the instant filing to hinder and delay the creditor from selling the residence, all the while MEINBERG is financially unable to propose a feasible Chapter 13 Plan.

The Ninth Circuit has held that bad faith exists where the debtor only intends to defeat state court litigation. *Chinichian v. Campolongo (In re Chinichian)*(9th Cir. 1986) 784 F.2d 1440, 1445-46. The Judgment in favor of PREMIER and against MEINBERG is final. MEINBERG's sole purpose in filing a Chapter 13 was to avoid the eventual sale of his residence under PREMIER's judgment lien. In response to the motion to sell the residence, first MEINBERG's spouse filed bankruptcy and then MEINBERG filed bankruptcy, proposing a plan in bad faith. These facts show that the Debtor has not filed his bankruptcy or his plan in good faith, and the Court should deny confirmation of the plan as proposed.

///

///

///

10

**3.**

**CONCLUSION**

PREMIER respectfully requests that this Court sustain this Objection to Confirmation and deny the confirmation of the Chapter 13 Plan and dismiss the case.

Respectfully submitted,

VERUS LAW GROUP, APC

Dated: September 1, 2023        By: _____
Holly Walker
Mark N. Strom
Attorneys for Secured Creditor
PREMIER CAPITAL, LLC, as Assignee of
NC VENTURE I, L.P.

MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK N. STROM

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2623 W. Manchester Blvd., Inglewood, CA 90305

A true and correct copy of the foregoing document entitled (*specify*): Objection to Confirmation and Request for Dismissal; Declaration of Mark N. Strom in Support of Objection to Confirmation and Request for Dismissal

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/01/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Benjamin R. Heston docs@hestonlaw.com, HestonBR41032@notify.bestcase.com; nadhecf@gmail.com
United States Trustee ustpregion16.rs.ecf@usdoj.gov
Rod Danielson (TR) notice-efile@rodan13.com United States Trustee (RS)

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 09/01/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Donald Meinberg, 15310 Corsica Avenue, Riverside, CA 92506

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/01/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Wayne E. Johnson, 3420 Twelfth St., Suite 384/Courtroom 304, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/01/2023 | Natalie Garcia | /s/ Natalie Garcia |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                   F 9013-3.1.PROOF.SERVICE