**VERUS LAW GROUP, APC**
Holly Walker, Bar No.: 178356
Mark N. Strom, Bar No.: 134443
2623 West Manchester Blvd.
Inglewood, CA 90305
Telephone: (310) 453-5053
Facsimile: (310) 306-7700
e-mail address: holly@veruslawgroup.com

Attorneys for Secured Creditor
PREMIER CAPITAL, LLC, as Assignee of
NC VENTURE I, L.P., a Delaware limited partnership

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

In re:

DONALD MEINBERG,

    Debtor.

CASE NO.: 6:23-bk-11360-WJ

CHAPTER 13

RESPONSE AND REQUEST FOR 9 MONTH BAR TO REFILING IN CONNECTION WITH DISMISSAL OF CASE

**Confirmation & Motion to Dismiss Hearing:**

Date:  September 18, 2023
Time:  12:30 p.m.
Place:  Courtroom 304)

    Secured Creditor PREMIER CAPITAL, LLC, as Assignee of NC VENTURE I, L.P., a Delaware limited partnership (hereinafter "PREMIER" or "Secured Creditor") the holder of an outstanding money judgment secured against the residence of judgment debtor DONALD MEINBERG ("MEINBERG" or the "Debtor"), respectfully responds and requests that in the event this Court grants Debtor's Request for a Voluntary Dismissal of the Case, that the Court exercise its power under 11 U.S.C. Section 349(a) and order a 9 month bar to refiling on the following grounds:

///

1.

## LEGAL ANALYSIS

**A.    A Chapter 13 Debtor Does Not Have An Absolute Right To Dismiss A Chapter 13 Case.**

In the 9th Circuit, there is no absolute right for a debtor to dismiss a Chapter 13 case. In *Rosson v. Fitzgerald* (In re Rosson)(9th Cir. 2008) 545 F.3d 764, the Court found that a debtor's right to voluntarily dismiss a Chapter 13 case under Section 1307(b) is not absolute, but is qualified by an implied exception for bad-faith conduct or abuse of the bankruptcy process. *Id.*, at 774.

As this Court is aware, the Debtor filed a Chapter 13 Plan omitting the entirety of Premier's secured lien from being repaid under the Plan after such lien was judicially determined as attached in a sum certain, to the Debtor's residence in his spouse's recent prior bankruptcy. Premier moved to dismiss the Debtor's Chapter 13 case on bad faith grounds/abuse and filed an objection to the Debtor's Chapter 13 Plan. Just before the hearing on the Premier's motion to dismiss (continued by the Court) and the hearing on the confirmation of the plan (which the Trustee has also objected to), the Debtor filed a request for a voluntary dismissal of the case. As will be set forth in greater detail below, PREMIER respectfully requests that this Court in its discretion and for cause, bar the debtor from refiling for a period of one year.

**B.    This Court Can Impose A Limited Bar On Refiling.**

It is anticipated that the Debtor will argue that the only conditions under which a case can be dismissed with prejudice with regard to refiling are those set out in 11 U.S.C. §109(g). Section 109(g) sets out two instances in which the Court can impose a 180-day bar to refiling upon dismissal of a case. Those conditions are where (1) the dismissal was due to the debtor's willful failure to abide by the court's orders or to appear before the court in proper prosecution of the case and (2) the debtor asks for and obtains voluntary dismissal of his case in response to a creditor's relief from stay motion.

2

**RESPONSE AND REQUEST FOR 9 MONTH BAR TO REFILING IN CONNECTION WITH DISMISSAL OF CASE**

Neither of these conditions are present here. Creditor nonetheless, requests that the Court dismiss this case with a 9 month bar to refiling because such is warranted here where related debtors (the debtor and his spouse) have filed successive cases involving the same property to stall PREMIER with no genuine intent to reorganize. This Court may dismiss this case with a limited bar to refiling pursuant to 11 U.S.C. Section 349.

Section 349(a) provides:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

While the Bankruptcy Code does not explicitly authorize the bankruptcy court to bar a debtor from refiling a petition for a particular amount of time, the 9th Circuit has previously stated that "[s]ection 349(a)4 is not ambiguous, and plainly provides that the bankruptcy court may, at its discretion and for cause, bar the discharge of existing debt. Inherent in this authority is the power to bar subsequent bankruptcy petitions that seek to discharge such debt." *See, Leavitt v. Soto* (In re Leavitt), 209 B.R. 935, 942 (9th Cir. BAP 1997), *aff'd*, 171 F.3d 1219 (9th Cir. 1999).[1]

Thus, the bankruptcy court may dismiss a case with a bar in cases of abuse. The issue of the length of the bar is a matter for the court's discretion. *In re Craighead*, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007); *see also TICO Constr. Co. v. Van Meter* (In re Powell), 644 B.R. 181, 187 (9th Cir. BAP 2022) (recognizing that a chapter 13 debtor has a right to dismiss his petition, but

---

[1] As Collier notes, courts' analysis of this section is somewhat confused due to confounding "dismissal with prejudice" with "dismissal with injunction against future filings." Collier on Bankruptcy ¶ 349.02[3]; compare *In re Garcia*, 479 B.R. 488 (Bankr. N.D. Ind. 2012) (denying motion for dismissal with prejudice but imposing three-year filing bar) with *In re Craighead*, 377 B.R. 648 (Bankr. N.D. Cal. 2007) (appearing to equate dismissal with prejudice with an injunction against refiling).

the bankruptcy court can prevent abuse by "impos[ing] a bar on refiling or other conditions under § 105"). If "cause" exists, bankruptcy courts have discretion to dismiss with prejudice and bar the filing of subsequent bankruptcies. "Where there exists a multiplicity of factors which would be sufficient to meet the cause requirement of § 1307, the cumulative effect will be considered in determining whether there exists sufficient cause for a dismissal with prejudice pursuant to § 349(a)." Additionally, when "cause" exists to dismiss a bankruptcy case, the length of time a debtor is barred from refiling is a matter committed to the bankruptcy court's discretion. 11 U.S.C. §§ 105(a), 349(a) ; *In re Craighead* , 377 B.R. 648, 656 (Bankr. N.D. Cal. 2007).

As PREMIER's Motion to Dismiss and Objection to Confirmation of the Plan sets forth this matter is essentially a two party dispute between the Debtor and PREMIER. It is evident from the pattern of the previous case and this case, that the Debtor's primary motive is to hinder or delay the Riverside County Sheriff's sale of the Debtor's residence under a Writ of Execution, and not to propose a confirmable plan under which the debt secured on the Real Property (which was fully litigated in the debtor's spouse's prior bankruptcy) can be paid off. This Court can and should be able to reach the inescapable conclusion that the Debtor filed this case in bad faith, warranting this Court to impose a 9 month bar on this Debtor to refiling a case under any chapter pursuant to the Court's power under 11 U.S.C. Section 349(a).

The debtor's spouse, Linda Meinberg filed her Chapter 7 bankruptcy on the eve of the hearing on PREMIER's motion for order to sell the dwelling which was set in the Riverside County Superior Court for April 6, 2022. The status of PREMIER's lien was fully litigated and the Court determined that the lien was only partially avoided. When the stay was terminated, PREMIER set the hearing again, for the sale of the dwelling on April 5, 2023. On April 4, 2023, the Debtor filed the instant case and proposed a Chapter 13 Plan providing for zero payment on PREMIER's secured judgment lien against his home, a lien that had already been determined as secured in a sum certain by a final order of this Court.

While a deed of trust may be non-judicially foreclosed in less than 180 days, a Sheriff's sale of real property under a Writ of Execution is a far slower process because

if the property does not sell for 90% of the fair market value at the first sale which is the required first price per CCP § 704.800(b), PREMIER will have to file a second motion per CCP § 74.800(b)(2), to reduce the sale price and then have the Sheriff conduct a second sale. It is virtually impossible to complete both the first sale at 90% of FMV and the second sale if needed within 180 days. A 9 month bar to re-filing is essential to provide PREMIER with a fair opportunity to exercise its rights with regard to the state court judgment and its lien.

### 3.

### CONCLUSION

PREMIER respectfully requests that this Court dismiss the case with a 9 month bar from refiling.

Respectfully submitted,

VERUS LAW GROUP, APC

Dated: September 13, 2023          By:_____
                                       Holly Walker
                                       Attorneys for Secured Creditor
                                       PREMIER CAPITAL, LLC, as Assignee of
                                       NC VENTURE I, L.P.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2623 W. Manchester Blvd., Inglewood, CA 90305

A true and correct copy of the foregoing document entitled (*specify*): _____
Response and Request for 9 Month Bar To Refiling In Connection With Dismissal of Case
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/13/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Benjamin R. Heston docs@hestonlaw.com, HestonBR41032@notify.bestcase.com; nadhecf@gmail.com
United States Trustee ustpregion16.rs.ecf@usdoj.gov
Rod Danielson (TR) notice-efile@rodan13.com United States Trustee (RS)

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 09/13/2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Donald Meinberg, 15310 Corsica Avenue, Riverside, CA 92506

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/13/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
The Honorable Wayne E. Johnson, 3420 Twelfth St., Suite 384/Courtroom 304, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/13/2023 | Natalie Garcia | /s/ Natalie Garcia |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                      F 9013-3.1.PROOF.SERVICE