**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
Tel: 949-312-1377
Fax: 949-288-2054
ben@nexusbk.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>DONALD MEINBERG,<br><br>        Debtor. | Case No.: 6:23-bk-11360-WJ<br><br>Chapter 13<br><br>**SUPPLEMENTAL OPPOSITION TO MOTION TO DISMISS**<br><br><u>Hearing</u><br>Date: December 20, 2023<br>Time: 3:00 pm<br>Courtroom: 304 |

     Debtor, Donald Meinberg, hereby submits the following supplemental opposition to the motion of Premier Capital LLC to dismiss this case with a bar against re-filing.

**STATEMENT OF FACTS**

     After the Court dismissed this case on September 18, 2023, Premier Capital continued its efforts to sell the property. On October 16, 2023, a hearing was held in the Riverside Superior Court on an Order to Show Case re Sale of Dwelling. Premier Capital successfully argued that the fair market value of the property is $746,000 and, therefore, that the minimum bid was $671,000. Premier Capital further argued that the applicable homestead exemption is $75,000. Attached hereto as Exhibit A is a true and

1

correct copy of the order. Premier Capital is now in the process of applying to the sheriff for the property to be sold.

Following the dismissal, Debtor has been in the process of inquiring into ways that he can retain his property without the need to file another bankruptcy case. Through his attorney, he's been working with a loan broker who is currently obtaining quotes from lenders to refinance the property. Such a refinance would pay off the senior liens and Premier Capital's lien.

## **POINTS AND AUTHORITIES**

The extended bar that Creditor seeks would be equivalent to dismissal with a permanent bar since it would allow Creditor to foreclose on his home without Debtor being able to assert his right for relief under the Bankruptcy Code. Debtor's only other debts total less than $300 and are of no immediate concern. Such a "permanent dismissal" was described by the Ninth Circuit BAP in In re Leavitt as follows:

> Dismissal with prejudice has been called the "capital punishment of bankruptcy." In re Merrill,192 B.R. 245, 253 (Bankr.D.Colo. 1995). See also Tomlin,105 F.3d at 937 (dismissal order barring subsequent litigation "is a severe sanction warranted only by egregious misconduct"); In re Javarone,181 B.R. 151, 155 (Bankr.N.D.N.Y. 1995) (a dismissal with prejudice is "draconian relief reserved for circumstances where there is a clear record of `delay and contumacious conduct' by the debtor") (quoting Durham v. Florida East Coast R. Co.,385 F.2d 366, 368 (5th Cir. 1967)).

In re Leavitt, 209 B.R. 935, 939 n.6 (B.A.P. 9th Cir. 1997).

The "egregious conduct" alleged in the Motion is really just a nuanced legal argument which would more appropriately be raised in response to a lien avoidance motion. The argument is that the lien avoidance in Debtor's *spouse's* bankruptcy, In re Linda Meinberg, precludes avoidance of the same lien in Debtor's bankruptcy. Premier Capital does not cite any authority for this position, but merely reiterates the widely

2

accepted principles of collateral estoppel, and then determines, without any analysis, that it applies here. The only case cited to in support was a case in which a debtor filed a subsequent motion to avoid lien *in the same case* after conversion. In re Phillips, 553 B.R. 536 (Bankr. E.D.N.C. 2016).

Not to belabor the point, but the operative date for lien avoidance in Linda Meinberg's bankruptcy was April 26, 2022. The operative date for lien avoidance in the present case is April 4, 2023. The operative date for lien avoidance in a future bankruptcy case would be whatever day that case is filed. The extent to which a lien can be avoided depends on the balance of the senior liens, the fair market value of the property, and the amount of the homestead exemption – all of which are determined as of the date of filing. 11 U.S.C. §522(b), (f).

It is somewhat duplicitous for Premier Capital to be arguing that collateral estoppel should form the basis of a bad faith argument against Debtor when it is Premier Capital who has been very selective in which appraisal they show to which court. In April of 2022, Premier Capital used a drive-by appraisal in support of their OSC re Sale of Dwelling which showed that the value was $746,000. When Linda Meinberg filed her bankruptcy in April of 2022, Premier Capital produced an appraisal that showed a value of $875,000. Then, on October 16, 2023, Premier Capital used the same drive-by appraisal to obtain an order stating that the fair market value of the property is $746,000. In State Court, a low value is advantageous to a creditor since it will result in a lower minimum bid. Whereas in Bankruptcy Court, a high value is advantageous to a creditor since it cuts against lien avoidance.

Premier Capital further argues that the *timing* of the filing of Linda Meinberg's case and Debtor's case is suspect since they were filed shortly before a hearing was to be held in State Court on an OSC re Sale of Dwelling. Although filing a bankruptcy on the eve some enforcement action can be relevant to the good/bad faith analysis, it is not

3

determinative. Bankruptcy cases are routinely filed on the heels of some kind of debt collection event, such as wage garnishment, bank levy, repossession, or foreclosure. This trend is more indicative of debtors properly viewing bankruptcy as a last resort, rather than a first line of defense. As stated by the Ninth Circuit in <u>HSBC Bank USA v. Blendheim</u>:

> According to the court, the Blendheims "do not appear to be serial 'repeat filers' [who are] systematically and regularly abusing the bankruptcy system." And with respect to the automatic stay, the court stated: "Although the Chapter 13 filing appears to be motivated by Debtors' wish to avoid the foreclosure sale of their Residence, the Court does not find that filing for Chapter 13 bankruptcy under those circumstances necessarily constitutes bad faith." It explained, "[m]any Chapter 13 debtors file for bankruptcy on the eve of foreclosure sale as a last resort." The bankruptcy court did not clearly err in concluding that the Blendheims filed their Chapter 13 petition in good faith on these facts.

<u>HSBC Bank USA v. Blendheim</u>, 803 F.3d 477, 501 (9th Cir. 2015). See also <u>In re Patlan</u>:

> It is true that a filing can be found to be in bad faith if it was filed on the eve of a state court action and there is no true intent to reorganize. However, a filing is not automatically considered bad faith just because it was on the eve of a state court hearing. Each case is judged on its own merits, and on the totality of the circumstances. In re Goeb, 675 F.2d 1386, 1390-91 (9th Cir. 1982); In re Ellsworth, 455 B.R. 904, 917 (9th Cir. BAP 2011). In this case, Patlan clearly has every intent to reorganize and her filing was clearly in good faith. She is not required, in the name of good faith, to stand by silently and lose her home.

<u>In re Patlan</u>, No. 12-11743, at *2 (Bankr. N.D. Cal. Aug. 25, 2012)

If Debtor does file bankruptcy again, the dismissal of the present case will result in the automatic stay being limited to 30 days unless it is extended by the Court. This would require that Debtor immediately file a motion requesting that the stay be continued. These motions must be heard within 30 days after the case is filed or else the argument is waived and the stay terminates by operation of law. In order to prevail on such a motion, the Debtor would need to show, by clear and convincing evidence, that

4

the subsequent case was filed in good faith. Inherent in this analysis is that the Debtor must show the ability to perform a confirmable plan. According to the figures set forth in the October 16, 2023 Order, the lien would not attach to any non-exempt equity and could be avoided in its entirety.

| Fair market value | $746,000 |
|---|---|
| US Bank mortgage | $97,867 |
| Wells Fargo mortgage | $79,439 |
| Homestead exemption | $615,000 |
| Net | ($46,306) |

### **CONCLUSION**

Premier Capital's motion alleges that Debtor has engaged in "egregious conduct", but has not offered to explain how anything that was done in his bankruptcy or that of his wife's was at all egregious or even out of the ordinary. Linda Meinberg filed a Chapter 7 case, partially avoided the lien, and then received a discharge. Thereafter, Donald Meinberg filed the instant Chapter 13 case, which he sought a voluntary dismissal of once he found that the value of the property dictated a plan payment that his family could not afford. There is nothing about either of these cases that is indicative of bad faith. Furthermore, there is nothing about Debtor's family's circumstances which could lead one to believe that those circumstances could not change for the better and make him able to propose a confirmable plan. Just recently, Linda Meinberg found that she will be receiving an increase of her monthly income by approximately $1,280 – money which could go toward paying Premier Capital through a Chapter 13 plan.

//
//
//

If Mr. Meinberg does file bankruptcy again, he would need to immediately move the Court for an order continuing the automatic stay and would need to prove his case by clear and convincing evidence. At that point, all of the relevant facts would be before the Court. If and until then, both sides can only speculate as to what they hope the facts would be.

**NEXUS BANKRUPTCY**

Date: October 25, 2023

BENJAMIN HESTON,
Attorney for Debtor

# EXHIBIT A

```
VERUS LAW GROUP, APC
Holly Walker, Bar No.: 178356
Mark N. Strom, Bar No.: 134443
2623 West Manchester Blvd.
Inglewood, CA 90305
Telephone: (310) 453-5053
Facsimile: (310) 306-7700
e-mail address: holly@veruslawgroup.com

Attorneys for Plaintiff
PREMIER CAPITAL, LLC
```

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 16 2023

M. Howell

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| PREMIER CAPITAL, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD W. MEINBERG, an individual<br><br>Defendant. | CASE NO.: CVRI2200830<br><br>[PROPOSED] ORDER FOR SALE OF DWELLING<br><br>Date: ~~April 5,~~ 2023  oct. 16<br>Time: 8:30 a.m.<br>Dept.: 10 |

The Application of judgment creditor PREMIER CAPITAL, LLC, as Assignee ("PREMIER" or "Judgment Creditor") for an issuance of an Order for the sale of the dwelling commonly known as: 15310 Corsica Ave., Riverside,, California 92506, having Assessor's Parcel No.: 245-120-042 (the "subject Real Property") was heard on ~~April 5,~~ oct. 16 2023, at 8:30 a.m., in Department 10 of the above entitled Court, the Honorable ~~Harold W. Hopp,~~ CHRISTOPHER B. HARMON judge presiding. ~~Mark N. Strom~~ HOLLY WALKER appeared on behalf of Judgment Creditor PREMIER. Benjamin Heston, appeared as attorney for Judgment Debtor DONALD W. MEINBERG ("MEINBERG"). Judgment Debtor MEINBERG, an individual appeared/(did not appear)_____, appeared as attorney for non-party record owner Linda K. Meinberg. Non-party record owner Linda K. Meinberg appeared/(did not appear.) The Court, having considered the evidence including, oral argument, the Application for Order to Show Cause and for Issuance of Order

1

ORDER FOR SALE OF DWELLING

Electronically RECEIVED by Superior Court of California, County of Riverside on 03/30/2023 04:59 PM - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Dawn Rosenbloom, Clerk

for Sale of Dwelling, Request for Judicial Notice, the Declaration of Mark N. Strom and the Declaration of Sue Sauer, and the Supplement to Application, as well as the court file, and good cause appearing,

IT IS HEREBY ORDERED that:

1. The entirety of the subject Real Property commonly known as 15310 Corsica Ave., Riverside, California 92506, having Assessor's Parcel No.: 245-120-042 (the "subject Real Property"), is to be sold by the levying officer, the Riverside County Sheriff, as this Court finds that:

    (A). Judgment Creditor PREMIER is authorized to levy upon and sell 100% of the subject Real Property;

2. The sale shall be conducted in accordance with CCP Section 540 *et seq.*, and 740.740, *et seq.*;

3. After considering the evidence, the Court finds that the fair market value of the dwelling is $746,000.00;

4. After considering the evidence, the Court finds that Judgment Debtor DONALD W. MEINBERG is married and not over the age of 65, and as such is entitled to a homestead exemption in the sum of $75,000.00 as the exemption amount in effect at the time the Judgment Creditor's lien was recorded on August 15, 2015 pursuant to *Berhanu v. Metzger* (1992) 12 Cal.App.4th 445, 447;

5. Any bid less than $671,000.00 is subject to CCP Section 704.800(b);

6. The sale proceeds shall be distributed after costs of sale as follows:

    (a). Payment to Judgment Debtor DONALD W. MEINBERG in the homestead amount of $75,000.00;

    (b). Payment to the Judgment Creditor PREMIER in the sum of $130,058.30 (as determined by the United States Bankruptcy Court in *In re Linda K. Meinberg*, USBC Case No. 6:22-bk-11523 - WJ); and,

    (c). Payment of any excess proceeds to Judgment Debtor DONALD W. MEINBERG.

7. The following persons have a lien or encumbrance to be satisfied from the sale of

2

ORDER FOR SALE OF DWELLING

the proceeds:

    (a).    U.S. Bank, Attn: Payment Processing, 4801 Frederica St., Owensboro, KY 42301, said encumbrance to be satisfied in the sum of $118,008.12 [handwritten: $96,430.00] with interest accruing at the rate of $7.33 per diem from ~~July 12, 2021~~ [handwritten: 4/4/2023].

    (b).    Wells Fargo Bank, N.A., Attn: Payoffs MAC B6955-01B, 2324 Overland Ave., Billings, MT 59102-6401, said encumbrance to be satisfied in the sum of $83,633.45 [handwritten: $77,800.00] with interest accruing at the rate of $8.36 per diem from ~~June 30, 2021~~ [handwritten: 4/4/2023].

8. Judgment Creditor reserves the right to seek additional post-judgment costs of suit and attorneys' fees in a subsequent Memorandum of Costs as Certified by the Clerk.

9. All notice required by law shall be given pursuant to CCP Section 704.780(c), the Clerk of the Court is ordered to *promptly* transmit a certified copy of this order to the levying officer, the Riverside County Sheriff 4095 Lemon Ave., Riverside, CA 92501.

Dated: Oct. 16, 2023

                                     JUDGE OF THE SUPERIOR COURT
                                     **CHRISTOPHER B. HARMON**

[Stamp: Superior Court of California, County of Riverside — Certified copy — By J. Howell, Deputy — Dated 10-17-23]

3

**ORDER FOR SALE OF DWELLING**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**100 Bayview Circle, Suite 100**
**Newport Beach, CA 92660**

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL OPPOSITION TO MOTION TO DISMISS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/25/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)    notice-efile@rodan13.com
Natalie E Lea    Natalie.Lea@Bonialpc.com
Mukta Suri    Mukta.Suri@BonialPC.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Holly Walker    holly@veruslawgroup.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/25/2023 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Wayne E. Johnson
3420 Twelfth Street
Suite 384 / Courtroom 304
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/25/2023 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**