**VERUS LAW GROUP, APC**
Holly Walker, Bar No.: 178356
Mark N. Strom, Bar No.: 134443
2623 West Manchester Blvd.
Inglewood, CA 90305
Telephone: (310) 453-5053
Facsimile: (310) 306-7700
e-mail address: holly@veruslawgroup.com

Attorneys for Secured Creditor
PREMIER CAPITAL, LLC, as Assignee of
NC VENTURE I, L.P., a Delaware limited partnership

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| | |
|---|---|
| In re: | CASE NO.: 6:23-bk-11360-WJ |
| DONALD MEINBERG, | CHAPTER 13 |
| Debtor. | SUPPLEMENTAL REPLY TO OPPOSITION TO MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES |
| | Date: December 20, 2023<br>Time: 3:00 pm<br>Place: Courtroom 304<br>3420 Twelfth St.<br>Riverside, CA 92501 |

Secured Creditor PREMIER CAPITAL, LLC, as Assignee of NC VENTURE I, L.P., a Delaware limited partnership (hereinafter "PREMIER" or "Secured Creditor") hereby submits this Reply to Debtor's Supplemental Opposition to PREMIER's Motion for an Order dismissing the instant Chapter 13 case with a bar to re-file.

///

///

///

1
**SUPPLEMENTAL REPLY TO OPPOSITION TO MOTION TO DISMISS CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES**

## 1.

## INTRODUCTION

The debtor, through his wife's bankruptcy four month earlier, already had a determination of the value of Judgment Creditor's lien on their home. The debtor filed the instant Chapter 13, with false and omitted financial information, merely to forestall the sale of the real property on the day before the hearing in the state court for the order to sell the debtor's dwelling (which the debtor has never opposed). This case was always only a stall tactic. After filing the case, the debtor made no allocation for payment to judgment creditor, instead filing a Chapter 13 plan providing for zero payment to judgment creditor on its secured claim. The debtor never filed a motion objecting to creditor's secured claim. The debtor never filed a motion that judgment creditor's lien was unlawfully impairing his homestead. The debtor was never able to show that his Chapter 13 plan was feasible. The debtor did not even oppose dismissal of this case. All the debtor did was file this bankruptcy for the obvious purpose of staving off the sheriff's sale of his home again (and again) which sale the sheriff has finally set to occur on February 21, 2024.

## 2.

## **SUPPLEMENTAL FACTS**

Debtor DONALD MEINBERG ("Debtor") the Chapter 13 Bankruptcy Petition in this case on April 4, 2023. In his statement of Related Cases, Debtor lists the Bankruptcy case filed by his spouse, Linda K. Meinberg on April 26, 2022, case No. 6-22-bk-11532-WJ. PREMIER is a secured creditor in this Bankruptcy proceeding, and Debtor listed his debt to PREMIER on his Schedule D as a secured debt. PREMIER filed it's Proof of Claim on June 13, 2023. (Declaration of Mark Sorsanavongsa ("Sorsanavongsa Decl.") ¶ 2.)

Debtor MEINBERG never filed an objection to PREMIER's Proof of Claim. The issue of PREMIER's status as a secured creditor of Debtor MEINBERG was adjudicated in the Debtor's spouses Bankruptcy case, when Linda K. Meinberg filed a motion to strip PREMIER's lien on the Meinberg's residence. This Court entered an order granting, in part, Linda K. Meinberg's Motion to Avoid Lien, and ruled that the lien remains attached to the residence property in the

2

amount of $130,058.30.

At the section 341(a) meeting of creditors, Debtor MEINBERG testified to the following facts:

(1) that he failed to list on his Chapter 13 Petition and Schedules that he had an ownership interest in two (2) timeshare properties;

(2) that he failed to list on his Chapter 13 Petition and Schedules ownership of jewelry valued at $8,725.00;

(3) that he failed to list on his Chapter 13 Petition and Schedules income from his employment as clergy with Reflections Christian Fellowship Church, in Riverside, CA;

(4) that he failed to report on his Chapter 13 Petition and Schedules a cash inheritance he received in the amount of $90,000.00 within one year of his filing the instant Bankruptcy case; and

(5) that he inflated his personal expenses on his Chapter 13 Petition and ` Schedules.

(Sorsanavongsa Decl. ¶ 4.)

Debtor filed his Chapter 13 Plan on April 18, 2023. Under section 4 of the Chapter 13 Plan, Debtor indicates his intent to file a Motion to Avoid PREMIER's lien. In his Chapter 13 Plan, Debtor has provided for no payments toward satisfaction of PREMIER's judgment. This case was dismissed on September 18, 2023. In the five months that this case was pending, Debtor failed to file a motion to avoid PREMIER's lien.

After the termination of the bankruptcy case filed by Linda K. Meinberg, the state court set an OSC re Sale of Dwelling for April 5, 2023. Debtor MEINBERG filed this case the evening of April 4, 2023. (Sorsanavongsa Decl. ¶ 5.)

### 3.
### LEGAL DISCUSSION

**A.   The Case Was Filed In Bad Faith And Debtor Should Be Barred From Refiling.**

The dismissal of bankruptcy cases with and without prejudice is authorized by § 349(a): "(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title

3

does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) 6 of this title." (*Leavitt v. Soto* (*In re Leavitt*), 209 B.R. 935, 942 (9th Cir. BAP 1997), aff'd, 171 F.3d 1219 (9th Cir. 1999))[1]

The phrase "unless the court, for cause, orders otherwise" in Section 349(a) authorizes the bankruptcy court to dismiss the case with prejudice. (*Id.*) A dismissal with prejudice bars further bankruptcy proceedings between the parties and is a complete adjudication of the issues. (*Id.*, at pp. 1219, 1223-1224.) Here, PREMIER merely seeks to bar Debtor from re-filing a bankruptcy petition for a period of nine months.

"Cause" for dismissal under § 349 has not been specifically defined by the Bankruptcy Code. For Chapter 13 cases, §§ 1307(c)(1) through (10) 7 provide that the bankruptcy court may convert or dismiss, depending on the best interests of the creditors and the estate, for any of ten enumerated circumstances. Although not specifically listed, bad faith is a "cause" for dismissal under § 1307(c). (*Eisen*, 14 F.3d at 470.) Therefore, it follows that a finding of bad faith based on egregious behavior can justify dismissal with prejudice. (*In re Huerta*, 137 B.R. 356, 374 (Bankr. C.D.Cal. 1992)). The courts have held that bad faith is "cause" for a dismissal of a Chapter 13 case with prejudice under § 349(a) and § 1307(c). (*In re Leavitt*, 171 F.3d 1219, 1224.)

Bad faith, as cause for the dismissal of a Chapter 13 petition with prejudice, involves the application of the "totality of the circumstances" test. (*Eisen*, 14 F.3d at 470.) The bankruptcy court should consider the following factors:

> (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner (*Id.*, citing *In re Goeb*, 675 F.2d 1386, 1391 (9th Cir. 1982));

---

[1]/ *Leavitt v. Soto* has been superseded by statute on the issue of determining a good faith plan.

|   |   |
|---|---|
| 1 | (2) the debtor's history of filings and dismissals (*Id.*, citing *In re Nash*, 765 F.2d |
| 2 | 1410, 1415 (9th Cir. 1985)); |
| 3 | (3) whether "the debtor only intended to defeat state court litigation (*Id.*, citing |
| 4 | *In re Chinichian*, 784 F.2d 1440, 1445-46 (9th Cir. 1986)); and |
| 5 | (4) whether egregious behavior is present, *Tomlin*, 105 F.3d at 937.) |
| 6 | (*Leavitt v. Soto, supra,* 171 F.3d 1219, 1224-1225.) |
| 7 | A finding of bad faith does not require fraudulent intent by the debtor. (*Id.*) Neither |
| 8 | malice nor actual fraud is required to find a lack of good faith. The bankruptcy judge is not |
| 9 | required to have evidence of debtor ill will directed at creditors, or that debtor was |
| 10 | affirmatively attempting to violate the law - malfeasance is not a prerequisite to bad faith. |
| 11 | (*In re Powers*, 135 B.R. 980, 994 (Bankr. C.D. Cal. 1991, relying on *In re Waldron*, 785 F.2d 936, |
| 12 | 941 (8th Cir. 1986)). |
| 13 | Section 349(a)4 is not ambiguous, and plainly provides that the bankruptcy court may, |
| 14 | at its discretion and for cause, bar the discharge of existing debt. Inherent in this authority is |
| 15 | the power to bar subsequent bankruptcy petitions that seek to discharge such debt. *Leavitt v.* |
| 16 | *Soto*, supra, 209 B.R. at 942. In other words, the bankruptcy court may "dismiss a bankruptcy |
| 17 | case with a bar preventing a debtor from re-filing in cases of abuse. . . . [T]he issue of the |
| 18 | length of the bar is a matter for the Court's discretion." *In re Craighead*, 377 B.R. 648, 657 (Bankr. |
| 19 | N.D. Cal. 2007); see also *TICO Constr. Co. v. Van Meter (In re Powell)*, 644 B.R. 181, 187 (9th Cir. |
| 20 | BAP 2022) (recognizing that a chapter 13 debtor has a right to dismiss his petition, but the |
| 21 | bankruptcy court can prevent abuse by "impos[ing] a bar on refiling or other conditions under |
| 22 | § 105"). |
| 23 | Turning to the instant case, with regard to the first factor of misrepresented facts, |
| 24 | Debtor MEINBERG failed to list on his Chapter 13 Petition and Schedules that he had an |
| 25 | ownership interest in two (2) timeshare properties; failed to list ownership of jewelry valued at |
| 26 | $8,725.00; failed to list income from his employment as clergy with Reflections Christian |
| 27 | Fellowship Church, in Riverside, CA; failed to report a cash inheritance he received in the |
| 28 | |

5

**SUPPLEMENTAL REPLY TO OPPOSITION TO MOTION TO DISMISS CHAPTER 13 CASE;
MEMORANDUM OF POINTS AND AUTHORITIES**

amount of $90,000.00 within one year of his filing the instant case; and inflated his personal expenses. At no time did Debtor MEINBERG volunteer to amend his petition or plan.

As to the second factor, history of filings and dismissals, Debtor filed his petition less than four months after his spouse's bankruptcy case was closed, and with the intent to re-litigate that exact same issue that had already been ruled upon by this Court: the avoidance of PREMIER's lien on the Meinbergs' residence.

Regarding the third factor, whether the debtor only intended to defeat state court litigation, the instant petition was filed on the eve of the hearing of the state court's issuance of an order to sell the Meinbergs' residence, with the stated purpose of filing a motion to avoid lien. Yet, the Debtor never filed such a motion. In his motion to dismiss the case, Debtor MEINBERG conceded that he could not propose a feasible Chapter 13 Plan. It is clear that Debtor MEINBERG's primary motive in filing this case was only to avoid paying PREMIER's state court judgment.

The fourth fact is that of egregious behavior. Debtor MEINBERG filed that instant case on the eve of the state court hearing where an order for sale of dwelling was to be issued. Debtor did not object to PREMIER's Proof of Claim. Debtor did not provide for payment toward's PREMIER's judgment in his proposed Chapter 13 Plan. Debtor failed to file a motion to avoid lien, as he indicated he would be doing in his plan. After filing his petition and his unfeasible plan, Debtor MEINBERG did nothing in this case but wait it out, until PREMIER made a motion to dismiss after five months of the case languishing. Debtor's clear intention was to use the Bankruptcy system to avoid payment of PREMIER's judgment. MEINBER's behavior was clearly egregious.

**B.    Less Offensive Conduct Has Been Upheld As Bad Faith.**

Less offensive conduct that is present in the instant case has been upheld as grounds for dismissal with prejudice. *In Morimoto,* 171 B.R. at 86-87, the debtor, a "tax protestor," filed her Chapter 13 petition with the intention of avoiding payment of federal income taxes. *In Hopkins,* 201 B.R. at 994-95, the debtors failed to file proper income tax returns, and indicated

6

**SUPPLEMENTAL REPLY TO OPPOSITION TO MOTION TO DISMISS CHAPTER 13 CASE;
MEMORANDUM OF POINTS AND AUTHORITIES**

zero taxable income despite W-2 forms showing substantial wages earned. The debtor in *Tomlin* failed to attend the initial creditors' meeting or to timely file her schedules. 105 F.3d at 941. *Morimoto*, *Hopkins* and *Tomlin* were all properly dismissed with prejudice. (*Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1226.)

### 4.

### CONCLUSION

WHEREFORE, PREMIER respectfully requests that this Court order a bar of the filing any bankruptcy petition by Debtor DONALD MEINBERG for a period of nine (9) months following the dismissal of this case, or until after June 18, 2024.

Respectfully submitted,

VERUS LAW GROUP, APC

Dated: November 22, 2023        By:    /s/ Mark N. Strom
                                       Holly Walker
                                       Mark N. Strom
                                       Attorneys for Secured Creditor
                                       PREMIER CAPITAL, LLC, as Assignee of
                                       NC VENTURE I, L.P.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2623 W. Manchester Blvd., Inglewood, CA 90305

A true and correct copy of the foregoing document entitled (*specify*): Supplemental Reply to Opposition to Motion to Dismiss Cahpter 13 Case; Memorandum of Points and Authorities; and Declaration of Mark Sorsanavongsa in Support of Supplemental Reply to Opposition to Motion to Dismiss Chapter 13 Case

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/22/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Benjamin R. Heston docs@hestonlaw.com, HestonBR41032@notify.bestcase.com; nadhecf@gmail.com
United States Trustee ustpregion16.rs.ecf@usdoj.gov
Rod Danielson (TR) notice-efile@rodan13.com United States Trustee (RS)

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/22/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Donald Meinberg, 15310 Corsica Avenue, Riverside, CA 92506

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/22/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
The Honorable Wayne E. Johnson, 3420 Twelfth St., Suite 384/Courtroom 304, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/22/2023 | Natalie Garcia | /s/ Natalie Garcia |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**