1  **VERUS LAW GROUP, APC**
Holly Walker, Bar No.: 178356
2  Mark N. Strom, Bar No.: 134443
2623 West Manchester Blvd.
3  Inglewood, CA 90305
Telephone: (310) 453-5053
4  Facsimile: (310) 306-7700
e-mail address: holly@veruslawgroup.com
5

6  Attorneys for Secured Creditor
PREMIER CAPITAL, LLC, as Assignee of
7  NC VENTURE I, L.P., a Delaware limited partnership

8

9              **UNITED STATES BANKRUPTCY COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE**

11  In re:                              )   **CASE NO.: 6:23-bk-11360-WJ**
                                        )
12  DONALD MEINBERG,                    )   **CHAPTER 13**
                                        )
13                                      )   **SECOND SUPPLEMENTAL REPLY TO**
                 Debtor.               )   **OPPOSITION TO MOTION TO**
14                                      )   **DISMISS CHAPTER 13 CASE;**
                                        )   **MEMORANDUM OF POINTS AND**
15  _____ )   **AUTHORITIES**

16
                                            **Date:**      **February 7, 2024**
17                                          **Time:**      **3:00 pm**
                                            **Place:**     **Courtroom 304**
18                                                         **3420 Twelfth St.**
                                                           **Riverside, CA 92501**
19

20
            Secured Creditor PREMIER CAPITAL, LLC, as Assignee of NC VENTURE I, L.P., a
21
    Delaware limited partnership (hereinafter "PREMIER" or "Secured Creditor") hereby submits
22
    this Second Supplemental Reply to Debtor's Third Supplemental Opposition to PREMIER's
23
    Motion for an Order dismissing the instant Chapter 13 case with a bar to re-file.
24
    ///
25
    ///
26
    ///
27

28
                                            1
    **SECOND SUPPLEMENTAL REPLY TO OPPOSITION TO MOTION TO DISMISS CHAPTER 13**
    **CASE; MEMORANDUM OF POINTS AND AUTHORITIES**

1                                                    **1.**

2                                            **INTRODUCTION**

3              In the previous hearing on this Motion, the Court determined that it would make its

4    ruling based on the testimony of Debtor DONALD MEINBERG ("Debtor") at his 341(a)

5    meeting of creditors. PREMIER is concurrently submitting a copy of the transcript of the

6    Debtor's 341(a) examination conducted on May 17, 2023. The Court will compare the transcript

7    testimony to the summary of the testimony that was set forth in the Declaration of Mark

8    Sorsanavongsa, which was submitted in support of the Motion at the previous hearing on

9    December 20, 2023. Debtor's counsel argues that the Debtor's testimony supports that his

10   bankruptcy filings are true and accurate. When compared to prior testimony and other

11   evidence, it is clear that the 341 testimony shows the Debtor's filings are not true and accurate.

12                                                   **2.**

13                   **DEBTOR'S TESTIMONY AT 341(a) EXAMINATION**

14             At the Debtor's 341(a) examination, the trustee asked him if he had personally signed

15   his bankruptcy petition and schedules, if he was aware of the information in the papers, if

16   everything was true and correct, and if all his assets had been listed. To each question, the

17   Debtor testified in the affirmative (*341 Transcript* 2 :11-18.) The transcript clearly shows that

18   under examination by PREMIER's representative Mark Sorsanavongsa, the Debtor's

19   bankruptcy filings are not true an accurate. It was revealed that the Debtor did not disclose

20   two times shares he owns, he contradicted his prior statement under oath about how much

21   jewelry he owns and he contradicted his prior statement under oath about his income. The

22   Debtor also testified that he received proceeds from an inheritance that he did not disclose.

23        1.        **The Two Timeshares**

24             The Debtor's testimony regarding his two timeshares is exactly as it was described in

25   Mark Sorsanavongsa's declaration, which is what the Court is evaluating at this juncture. The

26   Debtor testified the he owns two timeshares. (*341 Transcript* 8 :12-23.) The timeshares are not

27   listed in the Debtor's assets.  Nevertheless, Debtor's counsel presents an argument that,

28   despite his client's testimony, the timeshares are not really timeshares. Counsel urges that the

                                                     2
**SECOND SUPPLEMENTAL REPLY TO OPPOSITION TO MOTION TO DISMISS CHAPTER 13
CASE; MEMORANDUM OF POINTS AND AUTHORITIES**

1  timeshares testified to by the Debtor are vacation exchange memberships. There is no evidence

2  before the Court that the Debtor's timeshares are not timeshares. And in fact, the trustee

3  advised counsel to amend the schedules to add the timeshares (*341 Transcript* 12:4 - 7.)

4       While arguing that the Debtor's timeshares are not timeshares, Debtor's counsel

5  neglects to explain what a vacation exchange membership is. The website,

6  Timesharesonly.com explains what a vacation exchange membership is this way: "[a]s a

7  timeshare owner, you have the privilege of becoming a member of exclusive vacation

8  exchange platforms like RCI or Interval International. Each vacation ownership brand is

9  usually affiliated with one of the two, so double-check with your developer before signing up.

10 There are, of course, other vacation exchange companies out there, and we'll go over them in

11 this post. But RCI and II are the most popular options, as well as ICE Vacation Exchange."

12      The foregoing description of a vacation exchange program does not change the fact

13 that the Debtor owns two timeshares. It only reinforces the fact because, as it states, to

14 participate in a vacation exchange program, one must be a timeshare owner. The Debtor's

15 attempted spin on this omission from his schedules does not make sense.

16      **2.       The Jewelry**

17      On a Claim of Exemption form, on page 3, which bears the fax date of October 29, 2021,

18 the Debtor stated under penalty of perjury that he owned jewelry valued at $8,725.00. In his

19 testimony at the 341 examination, the Debtor states that he does not recall what he claimed in

20 his Claim of Exemption, and completely contradicts his prior sworn statement regarding

21 owning jewelry. The Debtor also testifies that neither he nor his wife sold any jewelry in the

22 previous two years. Either the Debtor is falsely testifying in his Claim of Exemption or in his

23 341 examination. A copy of the Claim of Exemption is attached as Exhibit "B" to the

24 Declaration of Holly Walker, filed concurrently herewith.

25      **3.       Income From Church**

26      In the same Claim of Exemption, dated October 2021, on page 2, item 2d, the Debtor

27 states under penalty of perjury that he was then currently receiving income from Reflections

28 Christian Fellowship in the net amount of $1,332.00 per month - that is as of October 2021. In

3

**SECOND SUPPLEMENTAL REPLY TO OPPOSITION TO MOTION TO DISMISS CHAPTER 13
CASE; MEMORANDUM OF POINTS AND AUTHORITIES**

1  his 341 examination, the Debtor testifies that he stopped receiving income from the church in

2  2017-2018. Just as in the case of the jewelry, the Debtor is either lying under oath in his Claim

3  of Exemption or he is lying under oath at the 341 examination.

4  **4.    The $90,000 Inheritance**

5  Mr. Sorsanavongsa stated in his declaration that the Debtor failed to report on his

6  Chapter 13 Petition and Schedules a cash inheritance he received in the amount of $90,000.00

7  within one year of his filing the instant Bankruptcy case. The Debtor's 341 examination

8  testimony states that exactly. (*341 Transcript* 6 :13-25.)

9  **5.    Inflated Expenses**

10  This item was included in Mr. Sorsanavongsa's declaration through the inadvertence of

11  counsel. It is a reference to the fact that the Debtor's expenses are listed in amounts greater

12  than his spouse's bankruptcy which was filed in the previous year. (*See* Declaration of Holly

13  Walker (at ¶ 6) filed concurrently herewith.) This was not intended by Mr. Sorsanavongsa to

14  be included in his declaration and was overlooked when he reviewed the declaration, which

15  was prepared by counsel. In preparing the declaration, counsel inadvertently added this,

16  which was part of Mr. Sorsanavongsa's analysis, but not part of the Debtor's 341(a) testimony.

17  **4.**

18  **CONCLUSION**

19  WHEREFORE, PREMIER respectfully requests that this Court order a bar of the filing

20  any bankruptcy petition by Debtor DONALD MEINBERG until after June 18, 2024.

21  Respectfully submitted,

22  VERUS LAW GROUP, APC

23  Dated: January 5, 2024          By:___/s/ Mark N. Strom_____
24                                        Holly Walker
                                          Mark N. Strom
25                                        Attorneys for Secured Creditor
                                          PREMIER CAPITAL, LLC, as Assignee of
26                                        NC VENTURE I, L.P.

27

28

**SECOND SUPPLEMENTAL REPLY TO OPPOSITION TO MOTION TO DISMISS CHAPTER 13
CASE; MEMORANDUM OF POINTS AND AUTHORITIES**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2623 W. Manchester Blvd., Inglewood, CA 90305

A true and correct copy of the foregoing document entitled (*specify*):  Second Supplemental Reply to Opposition to Motion to Dismiss Chapter 13 Case; Memorandum of Points and Authorities; and Declaration of Holly Walker in Support of Second Supplemental Reply to Opposition to Motion to Dismiss Chapter 13 Case

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/05/2024_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Benjamin R. Heston docs@hestonlaw.com, HestonBR41032@notify.bestcase.com; nadhecf@gmail.com
United States Trustee ustpregion16.rs.ecf@usdoj.gov
Rod Danielson (TR) notice-efile@rodan13.com United States Trustee (RS)

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __02/05/2024_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Donald Meinberg, 15310 Corsica Avenue, Riverside, CA 92506

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __02/05/2024_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Wayne E. Johnson, 3420 Twelfth St., Suite 384/Courtroom 304, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/05/2024 | Natalie Garcia | /s/ Natalie Garcia |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**